[No. 10229.   Department Two.   June 7, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v.
VICTOR L. MARION, *Appellant*.[1]

INFORMATION—SURPLUSAGE—ISSUES—ELECTION—APPEAL—HARM-
LESS ERROR—ERROR FAVORABLE TO APPELLANT. Where a statute pro-
vided for three separate offenses of graft, it is surplusage and harm-
less, in an information for the first offense, to allege a further condi-
tion applicable only to the last two offenses, as it was error favor-
able to the defendant to undertake to prove more than was required;
and where the information clearly on its face purports to charge the
offense in the first provision, it is itself an election, and a motion to
require an election is properly overruled.

TRIAL—INSTRUCTIONS—WRITTEN INSTRUCTIONS—NECESSITY—ORAL
EXPLANATION. Rem. & Bal. Code, § 339, requiring written instructions
to the jury is not violated, where written instructions upon the
principles of law were given, and the court added an oral explana-
tion of what he had read that did not amount to a positive direction
as to the law of the case.

APPEAL—REVIEW—HARMLESS ERROR—TRIAL—MISCONDUCT OF
COUNSEL—ARGUMENT TO JURY. It is not prejudicial error that coun-
sel in argument to the jury made an improper remark, which, on ob-
jection, the court instructed the jury to disregard.

TRIAL—MISCONDUCT OF COUNSEL. Counsel may, in argument, draw
a legitimate conclusion from the evidence.

SAME. It is not sufficient to authorize a reversal that the prose-
cuting attorney remarked, after objections were overruled, that
he did not blame defendant's counsel for wincing.

BRIBERY—OFFENSES—GRAFT—"OFFICIAL DUTY." While a suffi-
cient information is pending against a person in custody, it is the
"official duty" of the prosecuting attorney to prosecute the case,
within the meaning of Rem. & Bal. Code, § 2333, defining graft as
the asking of a gratuity or reward on any promise or representa-
tion that the person can or will influence the official action of any
public officer not to perform his official duty.

BRIBERY—EVIDENCE—SUFFICIENCY. There is sufficient evidence to
sustain a conviction for bribery in asking the sum of $1,500 from
an accused person in custody, "as compensation, gratuity or re-
ward" for influencing the prosecuting attorney to dismiss the case,
where it appears that defendant asked $1,900 from the accused
person, stating that it would take $1,500 to get the case against him
dismissed.

[1] Reported in 124 Pac. 125.

Appeal from a judgment of the superior court for King county, Gay, J., entered November 27, 1911, upon a trial and conviction of graft. Affirmed.

*Vanderveer & Cummings* and *Robert Grass*, for appellant. *John F. Murphy* and *S. H. Steele*, for respondent.

MOUNT, J.—The defendant in this case was convicted of the crime of graft. He appeals from the judgment pronounced upon the verdict of a jury.

The statute under which he was prosecuted is as follows:

"Every person who shall ask or receive any compensation, gratuity or reward, or any promise thereof, upon the representation that he can, directly or indirectly, or in consideration that he shall, or shall attempt to, directly or indirectly, influence any public officer, whether executive, administrative, judicial or legislative, to refuse, neglect, or defer the performance of any official duty; or who shall ask or receive any compensation, gratuity or reward, or any promise thereof, the right to retain or receive which shall be conditioned that such person shall, directly or indirectly, successfully influence by any means whatever any executive, administrative or legislative officer, in respect to any act, decision, vote, opinion or other proceeding, as such officer; or who shall ask or receive any compensation, gratuity or reward, or any promise thereof, upon the representation that he can, directly or indirectly, or in consideration that he shall, or shall attempt to, directly or indirectly, influence any public officer, whether executive, administrative, judicial or legislative, in respect to any act, decision, vote, opinion or other proceeding, as such officer, unless it be clearly understood and agreed in good faith between the parties thereto, on both sides, that no means or influence shall be employed except explanation and argument upon the merits, shall be guilty of a gross misdemeanor, and, in any prosecution under the third clause of this section, evidence of the means actually employed to influence such officer shall be admitted as proof of the means originally contemplated by the defendant." Rem. & Bal. Code, § 2333.

The charging part of the information under which the appellant was tried is as follows:

"That one J. W. Dalton, in the county of King, state of Washington, on the 11th day of October, 1911, was charged with having committed the crime of abduction by an information theretofore duly filed and then pending in the above entitled court. It then and there was the official duty of certain public officers; being then and there executive and administrative officers, namely, John F. Murphy, then and there the prosecuting attorney in and for said county of King and Alfred H. Lundin, a deputy prosecuting attorney in and for said county of King, to prosecute said J. W. Dalton in said court for the commission of said crime as charged in said information. And one Victor L. Marion, in said county and state on said 11th day of October, 1911, did then and there wilfully and unlawfully ask of and from said J. W. Dalton the sum of one thousand five hundred dollars in money, as a compensation, gratuity and reward, upon the representation then and there made by said Victor L. Marion to said J. W. Dalton that he, said Victor L. Marion could, and in consideration that he, said Victor L. Marion should, influence and attempt to influence said John F. Murphy and said Alfred H. Lundin as such officers respectively to refuse, neglect and defer the performance of their said official duty above described. And it was not clearly understood and agreed in good faith between the said Victor L. Marion and J. W. Dalton that no means or influence should be employed except explanation and argument upon the merits of said case of the State of Washington v. J. W. Dalton."

The defendant moved for an order to strike from the information the clause as follows: "and it was not clearly understood and agreed in good faith between the said Victor L. Marion and J. W. Dalton that no means or influence should be employed except explanation and argument upon the merits of said case of the State of Washington v. J. W. Dalton." When this motion was denied, the defendant requested an order requiring the state to elect under which particular clause of the statute above quoted the action would be prosecuted. Both of these motions were denied by the court, and

appellant now argues that these rulings constitute error. If we understand the appellant's contention, it is that this section of the statute provides for three separate offenses, and that the clause sought to be stricken from the information applies to the last two offenses defined and not to the first, for the reason that the first provision deals with an "official duty," while the last two provisions deal with duties which are discretionary.

We need not enter into the discussion as to the nature of the duties of the officials sought to be influenced, or decide whether the clause applies to one or all of the provisions of the section. If it does not apply to the first provision, it was simply surplusage, for under the allegation in the information the prosecutor undertook to prove more than was required. In short, no prejudice to the defendant could arise on account of such allegation or the proof thereof. The information upon its face purports to charge the crime as alleged in the first provision of the section, and was itself an election. The defendant was plainly informed of the exact nature of the crime with which he was charged. It was, therefore, not error to deny these motions.

Appellant next argues that the court erred in giving oral instructions. It appears that, after the court had read an instruction which was a statement of the charge against the appellant and that the appellant had pleaded not guilty, which plea put in issue every allegation contained in the information, the court said orally to the jury:

"The foregoing statement of the case is practically a statement from the information and the court in stating these facts does not mean to say that they are true. I am simply stating what the information alleges, you understand, and when you go to the jury room you take the information with you. That is not evidence. That is only for the purpose of refreshing your recollection of what the charge is. That is all. The purpose of this instruction I just read is to tell you what the nature of the crime is."

The statute provides that "the court must reduce the charge to be given to the jury to writing, and at the conclusion of the evidence he shall read his written charge to the jury." Rem. & Bal. Code, § 339, subd. 4. Appellant contends that the language of the court above quoted is a violation of this statutory provision. It is not claimed that the instructions upon the principles of law involved in the case were not given in writing. It is manifest that the court was not giving an instruction to the jury upon the principles of law, but was explaining orally what he had read. The explanation was in the interest of the accused. "Only when the statements of the court amount to a positive direction as to the law of the case will such statements be regarded as an instruction within the meaning of the statute requiring instructions of the court to the jury to be in writing." *Boggs v. United States*, 10 Okl. 424, 63 Pac. 969, 65 Pac. 927.

It is argued that counsel for the state was guilty of misconduct during the trial. It appears that, in his argument to the jury, counsel for the state said: "The charge against the defendant is a gross misdemeanor and punishable by fine or imprisonment in the county jail." This remark was objected to, and the court instructed the jury not to consider it. Subsequently the same counsel said: "The defendant never intended to give Murphy and Lundin any of the $1,500. He intended to keep it himself." This statement was clearly a legitimate conclusion which counsel was at liberty to draw from the evidence. After counsel for appellant had made several objections to these statements, counsel for the state, referring to appellant's counsel, said: "I don't blame Mr. Vanderveer for wincing." Conceding that all these were improper statements, we are satisfied that they are not sufficient to authorize a reversal.

Appellant argues that there is no proof of any duty on the part of the officers named in the information to prosecute the case of State v. Dalton. The proof shows that Dalton was charged with the crime of abduction, but it is urged that the

information is not sufficient and therefore it was not the "official duty," or the "mandatory duty," of the prosecuting attorney to prosecute the case. The information against Dalton clearly charged a crime, under § 187 of the Laws of 1909, page 944 (Rem. & Bal. Code, § 2439), and whether some other section of that act was in conflict with that section or not was entirely immaterial. It was in any event the duty of the prosecuting attorney to prosecute the accused (Rem. & Bal. Code, § 3961), or to show cause to the superior court having jurisdiction why the case should not be prosecuted. While the information was pending and the person charged was in custody, or in bail, it was without doubt the "official duty" of the prosecutor to prosecute the case.

It is argued that there is no proof that appellant asked for the sum of $1,500 as "compensation, gratuity or reward." The proof is conclusive that the appellant requested $1,900 from Mr. Dalton. He stated in substance that it would take $1,500 for the prosecuting officers in order to get the case against Dalton dismissed. It was for the jury to say from these facts what the appellant's purpose was in asking for the money. It requires no refined argument to convince one that defendant asked for the money as compensation, gratuity, and reward. His avowed purpose was to use the money unlawfully. He intended, of course, to take advantage of the condition of the defendant in that action, and by fraud and deceit obtain the money and then use it as he saw fit. There is no reversible error.

The judgment is therefore affirmed.

DUNBAR, C. J., ELLIS, MORRIS, and FULLERTON, JJ., concur.