[No. 10068. Department One. September 6, 1912.]

L. G. RAYNOR et al., *Respondents*, v. TACOMA RAILWAY & POWER COMPANY et al., *Appellants*.[1]

TRIAL—INSTRUCTIONS—WRITTEN INSTRUCTIONS—NECESSITY—STATUTES—CONSTRUCTION. Under Rem. & Bal. Code, § 339, providing that the charge of the court must be reduced to writing and taken to the jury room, and § 395, providing that the same shall become a part of the record upon being filed with the clerk, it is reversible error to give orally an instruction relating to the credibility of witnesses, which could not be taken to the jury room, or made a part of the record without a statement of facts; and the statute being mandatory, it is immaterial that the instruction was without prejudicial effect (CHADWICK, J., dissenting).

DAMAGES—PERSONAL INJURIES—INSTRUCTIONS—DOUBLE DAMAGES. In an action for personal injuries which resulted in a miscarriage, instructions that the plaintiff could recover for pain and suffering

[1]Reported in 126 Pac. 91.

and impairment of health and "also" for the pain and suffering and mental anguish by reason of the miscarriage, is not open to the objection that it authorized a double assessment for the miscarriage, where from all the instructions, it could not have been so understood by the jury.

DAMAGES—PERSONAL INJURIES—RESULTING MISCARRIAGE. In an action for personal injuries which resulted four days later in a miscarriage attended with unusual pain, suffering and bodily injury, plaintiff may recover for the pain and suffering and mental anguish by reason of the miscarriage.

Appeal from a judgment of the superior court for Pierce county, Gay, J., entered May 5, 1911, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger in alighting from a street car. Reversed.

*J. A. Shackleford* and *F. D. Oakley*, for appellants.

*Govnor Teats, Hugo Metzler, Leo Teats*, and *Ralph Teats*, for respondents.

CROW, J.—This action was commenced by L. G. Raynor and Edith Raynor, his wife, against Tacoma Railway & Power Company, a corporation, M. Mattison and George Carpenter, to recover damages for personal injuries to Edith Raynor, sustained in falling or being thrown from a street car operated by defendant corporation, and on which car the defendants Mattison and Carpenter were conductor and motorman. The action was dismissed as to the defendant Carpenter, and this appeal is prosecuted from a judgment in plaintiffs' favor against the remaining defendants.

After the close of all the evidence, the trial judge charged the jury in writing, and at considerable length, on the law of the case. After doing so, he further instructed them orally as follows:

"I think I will say this further orally: If you do believe that any of the witnesses have testified falsely in any material matter in this case, then you are at liberty to disregard all the testimony of said witnesses except in so far as you find it

corroborated by credible witnesses in the case or facts and circumstances in the case."

To this oral instruction, not covered by the written charge, the defendants excepted, for the reason that, in giving the same, the trial court disregarded the statute which requires the charge to be in writing and read to the jury. Appellants' first assignment is that the trial court erred in giving the instruction orally. Subdivision 4 of § 339, Rem. & Bal. Code; Laws of 1909, page 184, ch. 86, § 1, provides that:

"The court must reduce the charge to be given to the jury to writing, and at the conclusion of the evidence he shall read his written charge to the jury. . . . If a stenographer shall be in attendance upon the trial of the cause, the court shall have the right to dictate the charge he desires to give to such stenographer, and to have the stenographer reduce the same to writing for him and a copy for each of the parties plaintiff and defendant. And the cost thereof shall be taxed as other costs in the action. . . . After the argument shall have been concluded, the jury shall retire to consider their verdict, and shall take with them to the jury room, among other matters proper to be taken to their jury room for further consideration by them, the written charge given them by the court."

Section 395, Rem. & Bal. Code, relating to the record on appeal, provides that:

"All charges to a jury made wholly in writing, all instructions requested in writing to be given as part of a charge . . . shall be deemed and are hereby declared to become, upon being filed in the cause, or, as the case may be, embodied in a journal entry,—a part of the record in the cause, for all the purposes thereof and of any appeal therein; and it shall not be necessary or proper, for any purpose, to embody the same in any bill of exceptions or statement of facts."

Considering these sections together, it would seem that the requirement of § 339, that the charge be in writing, was intended to be mandatory. The purpose is three-fold: (1) to enable the jury to take with them to the jury room and have

for their guidance the exact written instructions of the trial judge upon all questions of law affecting the case; (2) to avoid any question during the argument of counsel, or deliberations of the jury, as to the law of the case; and (3) by filing the same, to make all written instructions a part of the record, without a statement of facts or a bill of exceptions.

In *State v. Marion*, 68 Wash. 675, 124 Pac. 125, a similar question was presented. There the oral instruction of which complaint was made did not state any rule of law applicable to the facts of the case. In holding no reversible error had been committed, we said:

"The statute provides that 'the court must reduce the charge to be given to the jury to writing, and at the conclusion of the evidence he shall read his written charge to the jury.' Rem. & Bal. Code, § 339, subd. 4. Appellant contends that the language of the court above quoted is a violation of this statutory provision. It is not claimed that the instructions upon the principles of law involved in the case were not given in writing. It is manifest that the court was not giving an instruction to the jury upon the principles of law, but was explaining orally what he had read. The explanation was in the interest of the accused. 'Only when the statements of the court amount to a positive direction as to the law of the case will such statements be regarded as an instruction within the meaning of the statute requiring instructions of the court to the jury to be in writing.' *Boggs v. United States*, 10 Okl. 424, 63 Pac. 969, 65 Pac. 927."

An examination of our opinion will show that we did not discuss or allude to § 395 *supra*, which provides that written instructions upon filing shall become a part of the record. We did hold, as shown by the above quotation, that the oral explanations of the trial judge, of which complaint was then made, were not instructions upon any principle of law applicable to the issues. We are not inclined to extend the rule there announced. It was within the law of this case that the jury should be instructed as to the proper rules by which they were to be governed in weighing evidence, in passing upon the credibility of witnesses, and in accepting

or rejecting their testimony.   Respondent contends, that the
oral instruction was not upon the law of the case; that in
any event it was not erroneous; that no prejudice resulted;
and that no reversible error was committed.

The difficulty with this contention is that it ignores the
plain and positive mandate of the statute.   If the statute
may be ignored as to one oral instruction because it was not
erroneous, then we would be compelled to ignore it as to every
other oral instruction free from error, with the result that the
entire body of the instructions might be orally given, pro-
vided they were free from error and correctly stated the law.
The result of this would be that an appellant would be
obliged to resort to a statement of facts or a bill of excep-
tions to make such instructions a part of the record, that
the jury could not take the instructions to their jury room,
and that § 339 would, for all practical purposes, become a
dead letter by judicial repeal.   Whenever the attention of a
trial judge is directed to the fact that he may have omitted
any written instruction which should be given, he can sus-
pend proceedings until the omitted instruction is reduced to
writing so that it may be read to the jury, and thereafter
be taken to their jury room when they retire to deliberate
upon their verdict.   The oral evidence was in direct conflict
in this action.   It must have been necessary for the jury to
reject, in part at least, that of some of the witnesses.   It
was required by the statute that they should have, in written
form, the exact instructions of the trial court announcing the
rule by which they were to be guided.

By the criminal code of Utah it was provided that the
charge to the jury should be reduced to writing before given,
unless by mutual consent of the parties it was given orally,
that the jury when retiring might take with them the written
instructions given; and that when written charges have been
presented, given, or refused, the questions presented in such
charges need not be excepted to or embodied in a bill of ex-
ceptions, but the written charges or the report, with the in-

dorsements showing the action of the court, form a part of the record, and any error on the decision of the court thereon may be taken advantage of on appeal in like manner as if presented in a bill of exceptions. In *Hopt v. People*, 104 U. S. 631, the court, in passing upon this statute, and upon oral instructions given without the consent of the defendant, said:

"The object of these provisions is to require all the instructions given by the judge to the jury to be reduced to writing and recorded, so that neither the jury, in deliberating upon the case, nor a court of error, upon exceptions or appeal, can have any doubt what those instructions were; and the giving, without the defendant's consent, of charges or instructions to the jury, which are not so reduced to writing and recorded, is error. *Feriter v. State*, 33 Ind. 283; *State of Missouri v. Cooper*, 45 Mo. 64; *People v. Sanford*, 43 Cal. 29; *Gile v. People*, 1 Col. 60; *State v. Potter*, 15 Kan. 302."

We have discussed this question at considerable length, for the reason that it is ordinarily the rule and intention of this court that no reversal shall be ordered for error not prejudicial. Yet we regard it as our duty to enforce the clear mandate of the statute by which the legislature has required all charges to be in writing, to be read to the jury, and to be taken with them to their jury room. The question of the wisdom of the statute was for the exclusive consideration of the legislature, and it is our duty to enforce it as written. The trial court erred in giving the oral instruction, and such error, much as we may regret it, requires a reversal of the judgment.

Respondent Mrs. Raynor had been pregnant for about two months prior to the date of the accident. There was evidence that she suffered a miscarriage as a result of her fall, that she was under treatment for months thereafter, and was compelled to undergo several surgical operations. The trial judge instructed the jury that, in assessing the damages, they were to take into consideration any pain and suffering

she had endured and would endure, and any impairment of health she had incurred as the result of her injuries. He further instructed them:

"You are also to take into consideration the pain and suffering and mental anguish which the plaintiff Mrs. Raynor suffered by reason of miscarriage, if you find from the evidence that she suffered a miscarriage by reason of the injuries received at the accident, and also you can take into consideration her impairment of health, if any, which resulted to her by reason of the miscarriage."

Upon the last instruction, appellants assign error, contending that, while the miscarriage may be considered as one of the elements of damage, it does not, in and of itself, afford ground for recovering separate and apart from the physical injuries, pain and suffering resulting from the accident as a whole. In other words, appellants seem to contend that, by the two instructions, the trial court authorized the jury to award double damages, first, for the pain, suffering and impairment of health, and second, additional damages for the miscarriage. They also contend that the latter instruction does not state the correct measure of damages. The instructions may not be in the best form, in that on causal examination they might be understood as authorizing double damages as appellants contend. But we think no such intention existed in the mind of the trial judge, and in the light of all the instructions given, are satisfied that the jury could not have so understood him. He simply wished the jury to understand that, in awarding damages for the pain, suffering and impairment of health, they might take the miscarriage into consideration, with its attendant results. Perhaps, by this separate instruction, he placed too much stress upon the fact of the miscarriage, but in the light of all the instructions, we fail to see that any prejudicial error resulted.

In support of their contention that the second instruction does not state the correct measure of damages, and that appellant cannot recover damages for pain, suffering and

mental anxiety incident to the miscarriage, appellants cite *Hawkins v. Front Street Cable R. Co.*, 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L. R. A. 808. But the facts in that case are not similar to those here shown. There the delivery of the child, which was stillborn, occurred four months and ten days after the accident, the period of gestation having almost expired. Here the miscarriage occurred within a few days after the accident, and was attended with unusual pain, suffering and bodily injury. We do not think the instructions authorized double damages or announced any improper measure of damages relative to the facts proven. *Big Sandy & C. R. Co. v. Blankenship*, 133 Ky. 438, 118 S. W. 316, 23 L. R. A. (N. S.) 345.

Other assignments need not be considered, as they will not be material on a new trial. For the error above mentioned, the judgment is reversed, and the cause remanded for a new trial.

PARKER and GOSE, JJ., concur.

CHADWICK, J. (dissenting)—In so far as Judge Crow discusses and finds error in the fact that the trial judge orally instructed the jury as quoted in the majority opinion, I find myself unable to agree. The majority differentiates this case from that of *Purcell v. Warburton*, *ante* p. 129, 126 Pac. 89, because in that case the instruction was given in writing, while here it was given orally. The error in this reasoning lies in this, that if the statute is to receive the strict construction now put upon it, the time when the instruction is given is as important and quite as imperative as the manner in which it is delivered. In *Purcell v. Warburton*, the instruction was given after argument. Here it was given before argument, and every opportunity to discuss it in the light of the evidence was afforded counsel. It seems to me that, if it be error to orally state a proposition of substantive law, one not really going to the particular issues as defined by the pleadings, before argument, it should have

been held to be error to instruct upon a vital issue after argument; yet the only ground upon which the majority have rested its decision is, that in the *Purcell* case the instruction was in writing and here it was oral. Counsel was not deprived of the privilege of argument, and might have requested that the oral instruction be transcribed by the stenographer. This was not done. It is not contended that the statute is mandatory. Written instructions are frequently waived by counsel, and it is within the spirit of the statute, if not the letter, to hold that a failure to ask that an oral instruction, given before argument, be put in writing is a waiver of the statute. To hold the circumstance here presented to be sufficient ground for reversal is, in my judgment, a resort to technical reasoning, and contrary to the frequently announced policy of this court to disregard error unless it is probably prejudicial. It does not so appear in this case, and I find no hesitation in adopting the conclusion announced in the *Purcell* case as controlling here.

As for the instruction discussed in the majority opinion, I adopt the statement made by Judge Crow, but draw a different conclusion. I do not, and it is barely possible that some of the jurors could not, by reference to the instruction complained of, know that the trial judge "simply wished the jury to understand that, in awarding damages for the pain, suffering and impairment of health, they might take the miscarriage into consideration, with its attendant results." The instructions as a whole fairly call for double damages; or if not, it takes the closest reasoning of a skilled lawyer to show that they do not, and then only by reference to instructions that are not quoted. If the case was to be affirmed, it might do to pass the instruction, but so long as it is going back for a retrial, it should have been criticized. I hope, therefore, that, notwithstanding the merciful consideration of the instruction by this court, when the case comes on for trial it will be recast, making it plain and certain, to the end

that the defendants will feel, in the event of an adverse verdict, that they have had a fair trial upon correct legal principles.