[No. 14058.  Department One.  October 19, 1917.]

J. W. COLLINS, *Respondent,* v. TERMINAL TRANSFER COMPANY, *Appellant.*[1]

APPEAL—DECISION—LAW OF CASE.  A decision on a former appeal becomes the law of the case where the evidence on the retrial was substantially the same presenting the same questions on the second appeal.

TRIAL—INSTRUCTIONS—WRITTEN INSTRUCTIONS—WAIVER.  Instructions in writing are waived where counsel remained silent when the court declared it would state the issues orally and reduce them to writing later, and stated he did not desire oral argument deferred until the instructions had been transcribed.

SAME—WRITTEN INSTRUCTIONS—PRESUMPTIONS.  In such a case, it will be presumed, in the absence of a showing to the contrary, that they were reduced to writing.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered November 21, 1916, upon

[1]Reported in 168 Pac. 174.

the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in cranking the engine of a motor truck.   Affirmed.

*H. M. Ramey, Jr.,* for appellant.
*Ballinger & Hutson,* for respondent.

WEBSTER, J.—Respondent brought this action to recover damages for personal injuries, alleged to have been sustained by him while working for appellant in the capacity of helper on an automobile truck.   The case was before us on a former appeal, and a full statement of the facts and the law applicable thereto will be found in the former opinion.   91 Wash. 463, 157 Pac. 1092.

A careful examination of the record now before us discloses that the evidence upon the retrial was substantially the same in all important respects as that introduced at the first trial and considered by this court on appeal.   All of the questions determined at that time have again been presented with great zeal by counsel for appellant, but as they are foreclosed by the former opinion in so far as this case is concerned, it would be neither profitable nor proper to embark upon a fresh discussion of them at this time.

Treating the law as announced on the former appeal as controlling upon all points decided by it, we shall confine our present inquiry to a consideration of such assignments of error as are called to our attention for the first time by this appeal.

It is insisted that the court erred in instructing the jury orally as to the issues presented by the pleadings and upon the question of the measure of damages.   The record on this point is as follows:

"The Court:  Will counsel agree that the jury may be instructed partly orally and partly in writing?   Mr. Ramey: I think I prefer them to be instructed in writing.   The Court: The only oral instruction I will give is what the pleadings are,

and it wont take half a minute.   Well, I will instruct them orally on that, and then I will put it in writing afterwards."

To this method of procedure, counsel for appellant made no objection and the court proceeded to instruct the jury. At the conclusion of the instructions, counsel for respondent addressed counsel for appellant, saying:   "Do you desire the argument deferred until the oral instructions are written out?   To which appellant's counsel replied: "I don't care." In this state of the record, it seems plain that appellant cannot now be heard to say that the judgment should be reversed because of the failure of the court to instruct the jury in writing.   Not only did counsel for appellant remain silent when the court declared it would state the issues to the jury orally and would have the instructions reduced to writing later, but, after the instructions had been given to the jury and he was thoroughly informed as to just what parts of the charge had been given orally, he declared that he did not desire to have the argument delayed until the instructions had been transcribed.   This clearly amounted to acquiescence on his part in the course pursued.

In *Taylor v. Kidd*, 72 Wash. 18, 129 Pac. 406, the trial judge reduced his charge to writing and, after he had concluded reading it to the jury, his attention was called to a point upon which it was thought further explanation was necessary, and he thereupon gave an oral instruction on the matter.   Neither party at the time took exception to the form of the instruction, nor did either of them request that it be reduced to writing and given to the jury.   In considering the point, the court said:

"The statute requiring instructions to be given in writing prior to the arguments of counsel to the jury, and requiring that they be sent to the jury room along with the pleadings and exhibits in the case, is not mandatory in the sense that the parties cannot waive the requirements.   On the contrary, it is a common practice to waive some or all of them; and a party must be held to have waived them when he does not note his dissent at the time the breach of the rule is committed."

In these circumstances it would be unjust to permit appellant to go to the jury and attempt to secure a verdict in his favor, and then predicate error upon the failure of the court to instruct in writing if the verdict should go in favor of his adversary. In addition, it is incumbent upon an appellant who claims error in the proceedings to affirmatively establish by the record the facts upon which the alleged error is based. Since the court announced that it would instruct orally as to the issues involved, and would put the instructions in writing later, it will be presumed, in the absence of a showing to the contrary (and there is none in this case), that this course was taken; and if it was, it is difficult to see how appellant's substantial rights were in any manner prejudiced.

A number of errors are assigned based upon the instructions given and refused, but upon examination in the light of the former decision, they have been found to be without merit.

Affirmed.

ELLIS, C. J., CHADWICK, MAIN, and MORRIS, JJ., concur.