[No. 15912.   Department One.   January 31, 1921.]

THE STATE OF WASHINGTON, *Respondent,* v.
GERHART M. JENSEN, *Appellant.*[1]

ROBBERY (7)—EVIDENCE—ADMISSIBILITY. It is a sufficient identification of a revolver, used in an attempted robbery, for the witness to testify that it closely resembles the one used by the accused and from its appearance witness believes it to be the same.

CRIMINAL LAW (448)—APPEAL—HARMLESS ERROR—EVIDENCE. Error in admitting in evidence a revolver thought to be the one used by accused in an attempted robbery would not be prejudicial, where it was similar to the one used.

APPEAL (143)—EXCEPTIONS—TO INSTRUCTIONS. A general exception to an instruction is not sufficient to raise the point that it should have been given in writing.

TRIAL (80)—INSTRUCTIONS—IN WRITING—NECESSITY. Rem. Code, § 339, requiring instructions to be given in writing is not applicable to ordinary admonitions, such as a statement that the jury has nothing to do with the punishment if accused is found guilty.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered November 7, 1919, upon a trial and conviction of an attempted robbery. Affirmed.

[1]Reported in 195 Pac. 238.

*M. F. Ryan,* for appellant.

*Joseph B. Lindsley* and *James Emmet Boyce,* for respondent.

BRIDGES, J.—The defendant has appealed from a judgment of sentence upon conviction for attempted robbery.

The first ground mentioned for reversal is that the evidence was insufficient to justify the case going to the jury, or the verdict rendered by it. The appellant's brief does not point out wherein the testimony is insufficient. We have, however, carefully read the statement of facts and find ample testimony upon which the verdict of guilty may rest. It would not serve any useful purpose to make a detailed review of the evidence.

A certain revolver was received in evidence as one of the respondent's exhibits. Appellant claims that this was error because the revolver was not identified. The complaining witness testified that, when the appellant attempted to rob him, he had a revolver which he used in such attempt, and that the revolver introduced in evidence closely resembled the one used by the appellant in the effort to commit his crime, and that from its appearance he believed it was the same revolver. This was a sufficient identification to permit the jury to consider the question.

But if it should be conceded that the identification was insufficient, that would not be a ground for reversal. It may have been material for the state to show that the appellant used a gun in his effort at robbery, but it would certainly be immaterial as to what kind of a gun he used, or whether or not the particular gun in court was the one he used.

The court instructed the jury in writing, but, after reading such instructions, someone connected with the trial suggested that it might be well to instruct the

jury that it had nothing to do with the punishment of
the appellant if it found him guilty. Accepting this
suggestion, the court orally informed the jury that it
had nothing to do with the matter of the penalty which
the appellant must suffer in the event of his convic-
tion; that that was a matter entirely for the court after
the verdict of the jury had been returned. Appellant
now complains that this instruction was not made in
writing. The only exception taken by the appellant is
that shown immediately following this instruction, as
given in the statement of facts, where these words ap-
pear: "to which instruction defendant excepts." The
record fails to disclose that the appellant objected to
this instruction because it was orally given. We think,
therefore, that the exception is insufficient to raise the
objection that the instruction was not made in writing
as required by Rem. Code, § 339.

In the case of *Collins v. Terminal Transfer Co.*, 98
Wash. 597, 168 Pac. 174, the trial court suggested he
would like to give a part of the instruction in writing
and a part orally. The appellant there made no ob-
jection to so doing. This court said:

"In this state of the record, it seems plain that ap-
pellant cannot now be heard to say that the judgment
should be reversed because of the failure of the court
to instruct the jury in writing. . . . In these cir-
cumstances it would be unjust to permit appellant to
go to the jury and attempt to secure a verdict in his
favor, and then predicate error upon the failure of the
court to instruct in writing if the verdict should go in
favor of his adversary."

See, also, to the same general effect, *Taylor v. Kidd,*
72 Wash. 18, 129 Pac. 406.

In the last cited case, after the trial court had read
to the jury his written instructions, someone suggested
something in addition, and the court proceeded to give

an oral instruction upon the matter requested. Neither party, to the action at the time, took exception either to the form or the manner of the instruction, nor requested that it be reduced to writing and given to the jury. Before the hearing of the motion for new trial, however, the appellant took exceptions to this oral instruction for the reason that it was not given in writing. The court said:

"The statute requiring instructions to be given in writing prior to the arguments of counsel to the jury, and requiring that they be sent to the jury room along with the pleadings and exhibits in the case, is not mandatory in the sense that the parties cannot waive the requirements. On the contrary, it is a common practice to waive some or all of them; and a party must be held to have waived them when he does not note his dissent at the time the breach of the rule is committed."

There is an additional reason why the judgment should not be reversed on account of this oral instruction. While the statute in question expressly requires that all instructions of the court shall be in writing, this court has consistently held that it has reference only to such instructions as concern the law of the case and does not refer to the ordinary admonitions of the court to the jury. The instruction here complained of falls squarely within those decisions. *State v. Marion,* 68 Wash. 675, 124 Pac. 125; *Maryland Cas. Co. v. Seattle Elec. Co.,* 75 Wash. 430, 134 Pac. 1097; *Raynor v. Tacoma R. & P. Co.,* 70 Wash. 133, 126 Pac. 91; *Collins v. Terminal Transfer Co., supra.*

It is further contended that the motion for new trial should have been granted because of misconduct of the deputy prosecuting attorney in the cross-examination of appellant and one of his witnesses. The appellant does not favor us by pointing out in detail the objec-

tionable portion of the cross-examination. We have, however, carefully read all of the cross-examination of these two witnesses. In each instance where the appellant objected to the cross-examination of which he complains, the court sustained his objection, but to much of the objectionable cross-examination the appellant made no objection whatsoever, and the court was not called upon to make any ruling. The result is that no error can be predicated on the cross-examination. The judgment is affirmed.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOLCOMB, JJ., concur.