[No. 19388. Department Two. December 7, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. L. E. MOSLEY, *Appellant.*[1]

APPEAL (434)—REVIEW—HARMLESS ERROR—TECHNICAL OR FORMAL ERRORS. Reversible error cannot be assigned upon trivial error in allowing leading questions and refusing to strike testimony of infinitesimal importance.

CRIMINAL LAW (124)—EVIDENCE—ARTICLES TAKEN FROM ACCUSED —IDENTIFICATION OF GUN. A gun taken from the accused is admissible in evidence where there was testimony that it resembled the one with which he committed the crime.

SAME (167)—CONFESSIONS—VOLUNTARY· CHARACTER. A voluntary exclamation made by accused at the time of his arrest, having no relation to the offense, is not inadmissible as a confession procured by duress.

Appeal from a judgment of the superior court for King county, Brinker, J., entered October 25, 1924, upon a trial and conviction of homicide. Affirmed.

*Elledge R. Penland,* for appellant.

*Ewing D. Colvin* and *R. M. Burgunder,* for respondent.

MACKINTOSH, J.—This is an appeal from a judgment of·guilt, based on the verdict of the jury in a prosecution for homicide.

[1]Reported in 241 Pac. 294.

One of the errors assigned is that the evidence is insufficient to justify the jury's conclusion. We have read all the testimony produced at the trial with exceeding care, and are satisfied that it was sufficient to prove the defendant's guilt beyond any reasonable doubt.

Errors are assigned on what is alleged to have been the permission of leading questions, put to the state's witnesses. Even conceding that some of the questions may have been objectionable on the technical ground of their leading character, the error, if any there was, was of such trivial moment that it does not entitle the defendant to a new trial.

Objection is also made to the failure of the court to strike the words, "I thought he was gone, too," in an answer made by one of the witnesses. What is said about the last error is applicable here. The failure of the court to strike this portion of the testimony was of such infinitesimal importance that it has no merit.

Another error assigned is the admitting in evidence of the gun owned by the appellant and taken from him at the time of his arrest. This error is predicated upon the ground that the gun was not properly identified as being the gun with which the homicide was committed. The fact that testimony was produced to the effect that the revolver taken from the defendant resembled the one with which he committed the crime was sufficient to admit its production in evidence. *State v. Jensen,* 114 Wash. 401, 195 Pac. 238.

The last assignment of error is that the court should not have allowed the statement made by the defendant at the time of his arrest, some two days after the crime, to have been admitted, on the ground that it was a confession procured by duress. We find no reason for holding that this was error. In the first place, the statement as admitted was neither a confession nor

an admission, and could have had no bearing upon the result in the case. It was a voluntary exclamation, made at the time of the appellant's apprehension, had no apparent relation to the crime for which he was being arrested, and was admissible along with the testimony of the other incidents which occurred at the time of appellant's apprehension. 16 C. J. 553.

There being no error in the record, the judgment is affirmed.

TOLMAN, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.