[No. 35862. En Banc. September 20, 1962.]

DAVID R. GREENE, *Appellant,* v. W. L. ROTHSCHILD *et al.,*
*Respondents.**

*Reported in 374 P. (2d) 566.

█ 

*Kennett, Evans & Stafford* and *Vaughn E. Evans,* for appellant.

*Little, Palmer, Scott & Slemmons* and *Serge S. Gorny,* for respondents.

FOSTER, J.—Plaintiff below appeals from a single judgment of dismissal in an action against multiple defendants based upon a verdict for two defendants and the court's dismissal, because of the failure of proof, of the remaining defendants, who are partners doing business under the partnership name of the Yellow Cab Company.

Appellant was a passenger in a Yellow Cab which collided with the car of the defendant Babcock. Appellant jointly sued Babcock and eight named partners doing business under the partnership name of the Yellow Cab Company, and the Yellow Cab Service, Inc., and Jay Scott Yellow Cab Company, Inc.

The taxi driver was not sued. Respondents, other than Babcock, were joined as defendants as provided by our Rule of Pleading, Practice and Procedure 8(e)(2), RCW Vol. 0,[1] hypothetically and alternatively because the appellant alleged that he was in doubt as to which of the defendants or combinations of defendants were liable.[2] The appeal is from a single judgment in a single action on a single claim.

The taxicab entered the intersection under the protection of a green traffic control light. Because of snow on the street, its tires were chained and its speed was ten to fifteen

---

[1] "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. . . ." Rule of Pleading, Practice and Procedure 8(e)(2), RCW Vol. 0.

[2] The independent driver, Babcock, defaulted. Judgment went against him but he did not appeal and need not be considered.

miles per hour. The Babcock car was twice observed by the driver of the taxi and again the third time only seconds before the collision; whereupon the taxi driver braked, sounded his horn, and turned the wheels to the right. There was proof that Babcock's speed at the point of collision was thirty-five to forty miles per hour and that but a few seconds elapsed between the taxi driver's first notice of the Babcock car and the collision. The taxi driver testified that, on his first observation, the cab was even with the west crosswalk and the cars separated only fifty feet.

Appellant's testimony coincides with that of the cab driver except that appellant testified, which the cab driver categorically denied, that the latter remarked, upon approaching the intersection, "I've got a green light, haven't I?"

■ Appellant contends that the cab driver was negligent as a matter of law. The plaintiff relies upon the expert testimony with reference to time and distance estimates. That argument was rejected in *Pierce v. Pacific Mut. Life Ins. Co.*, 7 Wn. (2d) 151, 109 P. (2d) 322:

"The difficulty with that reasoning is that it is predicated upon the assumption that the time and distance elements were established with absolute precision and certainty, as though the one had been determined by means of a stop watch and the other with a tapeline, and as though the eyes of appellant were constantly fixed upon his speedometer. It is manifest that appellant was simply estimating the rate of speed at which he turned the corner; and what his speed was after he 'slammed on the brakes' and until he became unconscious, was not even estimated. It is also obvious that appellant's statement that the whole occurrence took place in a 'split-second' was not intended as a positive and exact measurement of time, but was simply his way of describing the swiftness of the succession of events. It will be recalled, also, that appellant's recollection of what had transpired, other than that he became frightened, was vague and hazy."

By varying the time and distance estimates slightly one way or the other, very different conclusions could be reached. Such estimates must be cautiously applied.

Under the protection of the green light, the favored driver had the right to assume that other drivers would respect its authority. From the evidence most favorable to the defendants, the jury could have found that the Babcock car was not noticed by the cab driver until the taxi had proceeded to a point even with the crosswalk of Fifth Avenue. The jury would have been warranted in finding that when he should have appreciated the danger of a collision he was in an emergent situation created by the negligence of another. The evidence also supports the view that, in such circumstances, he acted in a reasonably prudent manner although a safer course was possible. *Vogreg v. Shepard Ambulance Ser.*, 44 Wn. (2d) 528, 268 P. (2d) 642; *Kelly v. Kittitas Cy.*, 29 Wn. (2d) 383, 187 P. (2d) 297. The question of the cab driver's negligence was for the jury and not the court.

Appellant assigns error in submitting the emergency issue because (1) the driver of the cab was negligent as a matter of law and (2) the emergency doctrine is a defense by confession and avoidance which was not pleaded. The issues depend upon the proofs and not the pleadings under the modern scheme. The proofs disclose that the driver was confronted with an emergency which amply justifies the submission of this issue.

Error is also assigned to the trial court's refusal to instruct that fatigue of the cab driver, which may have impaired his driving ability, is not a defense because of the duty owed by a common carrier to its passengers. The record is silent on whether the cab driver was handicapped because of fatigue. There is proof of eight and one-half hours continuous driving, but that alone is not proof of impaired driving ability. The refusal of this request was not error.

After the instructions were read, respondents' counsel called attention to the failure to inform the jury of the dismissal of the Yellow Cab Company; whereupon the court orally advised the jury that the Yellow Cab Com-

pany, a copartnership, had been dismissed and that no verdict would be required respecting it.[3]

■ Appellant now assigns error to the oral instruction. The argument is that, because Rule of Pleading, Practice and Procedure 51.08W, RCW Vol. 0, requires written instructions,[4] the jury was confused by the oral instruction as to the identity of the remaining parties. There was no prejudice because the rule (formerly Rem. Rev. Stat., § 339) by a long line of decisions applies only to the substantive law of the case and not to the ordinary admonitions to the jury.[5] Other instructions negative the possibility of a misunderstanding.

The plaintiff assigns error to the dismissal of the Yellow Cab Company and the refusal to give proposed instructions as to its liability. The proofs may be summarized thusly:

The partnership doing business as Yellow Cab Company had long engaged in the ownership and operation of taxicabs and advertised that its drivers were safe, reliable and dependable.

On June 28, 1955, Yellow Cab Service, Inc., was organized by the partnership to take over the business. On June 6, 1956, the partnership transferred to such corporation the entire business and all assets in return for all the capital

---

[3]This method of expression is for convenience only, and it must not be inferred that we regard a partnership as a legal entity which may sue or be sued.

[4]"The court must reduce the charge to be given to the jury to writing and cause copies thereof to be furnished to counsel; and, at the conclusion of the evidence, he shall read his written charge to the jury. . . ." Rule of Pleading, Practice and Procedure 51.08W, RCW Vol. 0.

[5]". . . While the statute in question expressly requires that all instructions of the court shall be in writing, this court has consistently held that it has reference only to such instructions as concern the law of the case and does not refer to the ordinary admonitions of the court to the jury. The instruction here complained of falls squarely within those decisions. *State v. Marion*, 68 Wash. 675, 124 Pac. 125; *Maryland Cas. Co. v. Seattle Elec. Co.*, 75 Wash. 430, 134 Pac. 1097; *Raynor v. Tacoma R. & P. Co.*, 70 Wash. 133, 126 Pac. 91; *Collins v. Terminal Transfer Co.*, *supra* [98 Wash. 597, 168 Pac. 174]." *State v. Jensen*, 114 Wash. 401, 195 Pac. 238.

stock of the corporation. The partnership inaugurated a plan of driver-owned cabs. The cab in question was sold to the Jay Scott Yellow Cab Company, Inc., on June 27, 1956.

Thereafter, the telephone number was unchanged. The taxicabs retained generally the same color scheme and appearance as before. At the time of the accident and the institution of this action, the partnership still existed under its assumed name, Yellow Cab Company.

An attorney for the partnership, testifying respecting the metamorphosis stated that

" . . . there was quite a bit of publicity over the matter which was before the Seattle City Council in 1955, primarily because of the Union objection to our request."

The plaintiff's testimony as to the reason he took a Yellow Cab instead of some other was:

" . . . I had heard advertising stating that Yellow Cab was supposed to be the best cab company in town and I had had pleasant relations with them prior to this time and I always make a point—I always made it a point of taking a Yellow Cab."

■ In dismissing the partnership, the trial court determined, as a matter of law, that it was not liable for any negligence of the cab driver. Plaintiff, however, predicates liability upon apparent agency, which is concisely set forth in Restatement, Agency (2d) 578, § 267:

"One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such.
" . . .
"Illustrations:
"1. P, a taxicab company, purporting to be the master of the drivers of the cabs, in fact enters into an arrangement with the drivers by which the drivers operate independently. A driver negligently injures T, a passenger, and also B, a person upon the street. P is not liable to B. If it is found that T relied upon P as one furnishing safe drivers, P is subject to liability to T in an action of tort."

Accord: *Baumgardner v. Kerr-Gifford & Co.*, 144 Wash. 206, 257 Pac. 390.

The proofs bring the case within that rule. By allowing its colors, markings and name to be used by other business organizations, which supposedly are separate from the partnership, and by not giving proper notice of termination of the relationship, the partnership may be said to have held out to the public that the company remained in existence as an owner of dependable taxicabs operated by safe drivers. Conceding that the partnership had no control over the cab driver and was not a principal, it is still responsible for the driver's negligence if, in reliance upon the representation of agency, the plaintiff sought the service of the Yellow Cab. *Middleton v. Frances*, 257 Ky. 42, 77 S. W. (2d) 425.

The partners could not avoid liability for the wrongful acts of their apparent agent without giving to the public proper notice of termination of the agency. The nature of the requirement is correctly set forth in Restatement, Agency (2d) 334, § 136, as follows:

"(3) Except as to the persons included in Subsection (2), the principal can properly give notification of the termination of the agent's authority by:

"(a) advertising the fact in a newspaper of general circulation in the place where the agency is regularly carried on; or

"(b) giving publicity by some other method reasonably adapted to give the information to such third person."

Whether the proofs satisfied these tests is for the jury. The dismissal of the partnership was error.

The judgment is affirmed as to the defendants Yellow Cab Service, Inc., and the Jay Scott Yellow Cab Company, Inc. The judgment dismissing the defendants W. L. Rothschild, J. A. Baldi, D. N. Newton, George Worster, T. S. Ackerman, A. H. Wenck, B. Royce, trustee for E. M. Royce, a minor, and D. F. Royce, doing business under the name

and style of Yellow Cab Company, is reversed and a new trial ordered as to them.

Appellant shall recover costs.

ALL CONCUR.

---

February 19, 1963. Petition for rehearing denied.