[No. 38569.  Department One.  February 23, 1967.]

W. G. PLATTS, INC., *Appellant,* v. WESLEY I. WENDT *et al., Respondents.**

*Hovis, Cockrill & Roy* and *Pat Cockrill,* for appellant.

HUNTER, J.—This is an appeal from an order of summary judgment dismissing the complaint of W. G. Platts, Inc., a Washington corporation, plaintiff (appellant), against Wes-

*Reported in 424 P.2d 629.

ley I. Wendt and Margaret E. Wendt, his wife, defendants (respondents). The background of this action is as follows:

On September 24, 1957, W. G. Platts, Inc., and W. F. Zastrow and his wife, entered into an agreement for the sale and exchange of certain real and personal property. The Platts property was located in Yakima County and the Zastrow property was located in Thurston County. Wesley I. Wendt, a real-estate agent, represented the Zastrows in the sale and exchange. A subsequent title examination revealed certain liens on the real property conveyed by the Platts corporation to the Zastrows, and a supplemental agreement was signed by the parties on October 4, 1957, providing for the manner of discharge of the liens. On the same day the Zastrows executed a warranty deed for the property they were to convey which, with other required documents, was promptly delivered to the Platts corporation. On October 15, 1957, the instruments of conveyance from the Platts corporation to the Zastrows, including a warranty deed, a bill of sale, an assignment of leases, and a personal property contract, were delivered to the Zastrows, who deposited the exchange contract and the warranty deed with the title company in Yakima for recording. On November 15, 1957, W. G. Platts, the corporation's president, went to the title company and, without authority, took back the instruments which the Zastrows had previously left to be recorded. This left the Platts corporation with title to all the property involved in the exchange transaction, leaving the Zastrows with no title or right of possession to any of the property, real or personal.

The Zastrows thereupon instituted an action for specific performance of the exchange agreement or for damages resulting from the breach. The Platts corporation answered and cross-complained, asking for rescission of the sales agreement principally on the ground of misrepresentation.

At the conclusion of the trial a damage award was granted to the Zastrows in lieu of a decree of specific performance in the sum of $38,043.22. The court found there were no material misrepresentations with regard to the

property conveyed to the Platts corporation, and dismissed the cross complaint. An appeal was taken from the trial court's judgment (cause No. 35388), and we affirmed the judgment. *Zastrow v. W. G. Platts, Inc.*, 57 Wn.2d 347, 357 P.2d 162 (1960).

On that appeal the Platts corporation assigned error to the failure of the trial court to find that the Zastrows made material misrepresentations with regard to the property they conveyed to the Platts corporation. In *Zastrow v. W. G. Platts, Inc., supra,* we said at 350 and 351:

> The parties to this action were strangers dealing at arm's length. Platts himself, acting for appellant corporation, testified that he personally went upon the premises of respondents to make his own examination before the negotiations even began. Furthermore, he did so on more than one occasion. Where a purchaser or his agent makes as complete an examination of the premises as he desires, such purchaser is generally precluded from having the contract rescinded on the ground of misrepresentation. See 70 A.L.R. 942; also, *cf. Wilson v. Mills,* 91 Wash. 71, 157 Pac. 467 (1916); *Sutton v. Peterson,* 193 Wash. 175, 74 P. (2d) 884 (1938); *Ramsey v. Mading,* 36 Wn. (2d) 303, 217 P. (2d) 1041 (1950). No evidence was offered at the trial which would take this case out of the general rule.

Thereafter, Platts, Inc., brought an action out of which this appeal arose (cause No. 38569), against Wesley I. Wendt and his wife, defendants, alleging that the plaintiff relied on certain statements made to it by defendant Wendt, as a real-estate agent for Zastrow and his wife, and as a result of which it entered into the exchange agreement with the Zastrows. The complaint further alleged that the Platts corporation was required to defend the above lawsuit instituted by the Zastrows, which resulted in damages to it for $10,000 in attorney fees, court costs, witness fees, loss through depreciation of property, and for loss of use of property and profits in the amount of $35,000, for which judgment was sought against the Wendts.

A motion for summary judgment was interposed by the defendants, which was granted, and judgment dismissing the plaintiff's case was entered. This appeal followed.

The plaintiff first contends that the trial court erred in dismissing its case on the grounds that the action was barred under the doctrine of res judicata, by reason of the final adjudication in *Zastrow v. W. G. Platts, Inc., supra.*

The plaintiff argues that the disposition of the *Zastrow* case is not res judicata because (1) the case was not binding upon the Wendts, as they were not parties to the action and there was no mutuality of estoppel; and (2) that the claimed misrepresentations of Wesley I. Wendt were beyond the scope of his authority as agent, were not binding upon the seller, and could not be properly raised in the cross complaint against the seller. (For convenience, all parties in the two cases, *supra,* will be referred to in the singular.)

We have examined the *Zastrow* case and find that the allegation of misrepresentations charged against Zastrow by the Platts corporation, in paragraph 10 of its cross complaint, includes the same allegations charged in its complaint against Wendt in the instant case, with two exceptions: (1) the alleged misrepresentation as to the Zastrows being responsible people who could be relied upon; and (2) the alleged failure of the plaintiff to timely file certain documents related to the exchange agreement. These two exceptions are now immaterial and would not, in themselves, support a claim for damages by reason of the final disposition of the *Zastrow* case. The trial court there found that there were no misrepresentations by Zastrow or his agent, and that there was full compliance by Zastrow with the provisions of the exchange agreement. These findings and the judgment entered against Platts, Inc., were affirmed on appeal. The trial court, in *Zastrow,* found:

Finding of Fact numbered XV:

That plaintiffs have done and performed each and every of the terms and conditions of the contract and supplemental contract herein referred to and introduced in evidence . . . .

Finding of Fact number XVI:

That neither the plaintiffs *nor anyone acting as their agent,* made any misrepresentations to defendant, nor

committed any fraud upon defendant; that defendant undertook to inspect the property conveyed it, had full and unhampered opportunity to inspect, and did fully inspect the properties it was to receive in the sale and exchange; . . . . (Italics ours.)

We hold that there are no new issues material to this case that were not raised or could have been raised and adjudicated in the *Zastrow* case.

■ As to the plaintiff's contention that defense of res judicata cannot apply here because there is no mutuality of estoppel, the controlling rule is found in *Greene v. Rothschild,* 60 Wn.2d 508, 374 P.2d 566 (1962), and 68 Wn.2d 1, 402 P.2d 356, 414 P.2d 1013 (1966). In *Greene,* the question was whether the doctrine of res judicata applied in the case of a second trial by the plaintiff in a tort action against an agent who had not been joined in the original action against the principal. The rule there quoted (68 Wn.2d 1, at 3) from Restatement, Judgments § 99, p. 493, is as follows:

A valid judgment on the merits and not based on a personal defense, in favor of a person charged with the commission of a tort or a breach of contract, bars a subsequent action by the plaintiff against another responsible for the conduct of such person if the action is based solely upon the existence of a tort or breach of contract by such person, whether or not the other person has a right of indemnity.

In a comment to this section, it is said:

The rule stated in this Section . . . involves a situation in which a judgment for the defendant has the effect of barring a claim against a third person although a judgment for the plaintiff would not have prevented a defense by the third person in an action against him for the tort or breach of contract charged in the first action. *In the situations within the rule stated in this Section, the person against whom the rule works adversely has had his day in court and it is not unfair that if he is unsuccessful in his action against the alleged tortfeasor or contract breaker, he should be deprived of an action against another,* even though the other would have no right of indemnity against the defendant in the first action were judgment rendered against him. (Italics ours.)

The above rule applies in an action for breach of contract as well as in the case of a tort action. Restatement, Judgments § 99, *supra.*

The plaintiff had his day in court in the *Zastrow* case. All the issues were raised in that case that are now pertinent to the disposition of the action against defendant Wendt. The plaintiff had the opportunity to join the defendant in the *Zastrow* case, and having failed to do so, may not now retry the same issues in an independent action against Zastrow's agent, the defendant. The trial court was correct in dismissing the instant case, for the reason that the action is barred under the doctrine of res judicata.

In view of our disposition of the case, it is not necessary to consider the plaintiff's remaining contentions.

The judgment of the trial court is affirmed.

ROSELLINI, OTT, and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.