[No. 15824. Department One. July 14, 1920.]

OSNER & MEHLHORN, INCORPORATED, *Respondent*, v. ADOLF LOEWE et al., *Appellants*.[1]

BILLS AND NOTES (97)—DEFENSES—BREACH OF CONTEMPORANEOUS PROMISE. It is no defense to an action on a mortgage note that plaintiff breached its contemporaneous oral agreement to employ defendant as its attorney, where the exact amount of the note was delivered to defendant at the time of the execution of the note.

CONTRACTS (4)—ESSENTIALS—MUTUALITY. A promise to employ defendant as plaintiff's attorney, without any obligation on the attorney's part to do the work, is unenforcible.

PLEADING (101)—AMENDMENT AT TRIAL—DISCRETION. It is not an abuse of discretion to refuse to permit a trial amendment after the evidence was in, where the issues had been made up for eight months and several continuances had been granted at appellants' request.

MORTGAGES (213)—FORECLOSURE SALE—CONFIRMATION. Confirmation of a sheriff's mortgage foreclosure sale should not be denied because of the sheriff's failure to sign the affidavit of publication of notice, where it was corrected by permission at the hearing.

[1]Reported in 191 Pac. 746.

SAME (213). Inadequacy of price is not ground for refusing to confirm a mortgage foreclosure sale, where a homestead declaration had been filed, it was sold to the highest bidder for less than the judgment, and the mortgagors had a year within which to redeem.

SAME (213). A mortgage foreclosure sale of four lots *en masse*, is not ground for refusing to confirm the sale, where the lots were considered as a single tract suitable for a homestead, and the sheriff's return states a sale in one parcel was deemed most advantageous.

APPEAL (232, 236)—SUPERSEDEAS OR STAY—RIGHT TO—DEFICIENCY JUDGMENT. Upon appeal from a deficiency judgment in foreclosure in a certain amount, appellant is not entitled to a stay of execution pending the appeal, in the absence of a stay bond under Rem. Code, § 1722, requiring a bond in double the amount of the judgment appealed from.

Appeal from a judgment of the superior court for King county, Smith, J., entered November 29, 1919, in favor of the plaintiff, in an action on a promissory note and to foreclose a mortgage. Affirmed.

*Edgar C. Snyder*, for appellants.

*Edward Von Tobel*, for respondent.

MITCHELL, J.—This action was commenced in August, 1918, to recover judgment on a promissory note in the sum of $1,200, and to foreclose a mortgage given to secure the same on July 7, 1910, payable three years after the date thereof. The only payments that had been made were for interest to July 7, 1916.

The answer, after a general denial of the allegations of the complaint, contained a first affirmative defense alleging the existence of an agreement whereby the attorney for plaintiff was to receive for his services in the present case an amount less than that specified in the note and mortgage sued on and less than that to be fixed by the court in the decree. The answer also set up an alleged second affirmative defense to the effect that the note and mortgage were given for

money used in the improvement of the real estate mortgaged, and that the defendants were induced to make the improvements thereon through the false representations of the plaintiff that it would sever its connections with its then attorney and employ exclusively the defendant Adolf Loewe as its attorney; that, at the date of the note and mortgage, and ever since, plaintiff had, and still has, an amount of litigation yielding in any one year attorneys' fees far in excess of the amount of the note, and that plaintiff gave only a part of its litigation to defendant and decreased the same year by year, though repeatedly asked by defendant to keep its promise; that defendants have made diligent efforts to meet their note, but defaulted because of the foregoing conduct of the plaintiff in its breach of agreement to employ defendant, which breach was committed with intent to defraud defendants and take from them their home after the same had increased in value many times; and that, because of the practices of fraud of plaintiff as alleged, the consideration for said note and mortgage has wholly failed. A demurrer was sustained to the second affirmative defense. The allegations of the first affirmative defense were denied by a reply.

At the trial, after the plaintiff had put in all its evidence, the defendants made an oral application for leave to amend their answer by setting up certain matter which consisted, first, of substantially the same matter as that contained in the second affirmative defense, to which a demurrer had been sustained; and second, matter in the nature of set-offs consisting of two parts, viz.: (1) That, from August 10, 1910, to July 7, 1915, defendant Adolf Loewe had conducted some thirteen mortgage foreclosure cases for plaintiff wherein the trial court had allowed in the decrees

attorney fees aggregating. $863.81· in excess of what had actually been· paid by the. plaintiff to the defendant for his services therein, which excess it was alleged · was unlawfully withheld by the plaintiff; and (2) that in certain other .litigation, from 1910 ·to the date· of the commencement of · this suit, there was a large amount of certain other specified litigation, wherein plaintiff was either suing· or sued, conducted for the plaintiff by some other attorney, wherein by the agreement defendant Adolf Loewe should have been employed, justifying· reasonable attorneys' fees largely in excess of the amount due on the note and mortgage involved in this suit. An objection to the trial amendment was sustained. Upon the conclusion of the evidence, there was judgment for the plaintiff as demanded in the complaint. Subsequently, upon an order of sale, the sheriff sold the property for an amount $150 less than required to satisfy the judgment, costs and increased costs. Objections to the confirmation of the sale were overruled and an order entered confirming it. Thereafter defendants applied to the court for an order staying the execution of the deficiency judgment of $150 during the pendency of the appeal. The application was denied. The defendants have appealed from the judgment, the order confirming the sheriff's sale of real estate, and the· order denying defendants' application to stay the execution.

First, it is claimed. error was committed in sustaining the demurrer to the second affirmative defense. This portion of the answer says: "The note ·and mortgage were given for money used in ·the improvement of the real estate mortgaged," which must be taken as an admission that the note and mortgage were given and that $1,200· were received by the appellants, as .alleged in the complaint. We are aware

of no rule permitting the defense, in a suit upon a promissory note, of a breach of simply an oral promise of future employment, contemporaneously made to the defendant by the payee in the note, who, at the time of taking it, delivers to the maker the exact amount of money expressed in the note. As to the claim of being overreached, it is to be noticed the answer does not allege that the oral agreement provided the note should or might be paid by services to be rendered, but only that appellant would be employed in the future. Nor is it alleged that, at the date of the note, the appellants had no other means by which to pay, or that respondent understood they had no other way of paying. It is not claimed appellant Adolf Loewe was to give his time exclusively to the law work of the respondent, or that he obligated himself to do any law work for the respondent in the future. It was but a one-sided promise, revocable, or that might be ignored, at the pleasure of the promisor.

Next, it is claimed the court erred in excluding evidence in support of the first affirmative defense. There was no evidence offered on the subject. Appellant Adolf Loewe testified that, sometime in 1909 or 1910, two officers of the respondent corporation told him they never paid their attorney the amount fixed by the court as attorney fee, but nothing was offered to show the respondent's attorney in the present case was acting under that or any similar agreement.

Assignments number 3 and 4 relate to the refusal of the court to permit the trial amendment as hereinbefore described. As already noticed, the application was made after the respondent had put in its proof. A portion of the proposed amendment had been already disposed of adversely on a demurrer thereto. As to the remainder, if it be assumed that, generally

speaking, it would be proper matter to be included in the answer, the application at that time was nevertheless addressed to the sound discretion of the court. It appears from the record the issues had been completed some eight months before the trial, and that several continuances had already been granted at the request of the appellants. We are satisfied there was no abuse of discretion by the trial court in denying leave to amend.

The fifth assignment is that the court erred in granting judgment and decree of foreclosure. The proof in support of the complaint was ample and uncontradicted.

In the sixth assignment it is claimed the court should not have confirmed the sheriff's sale of property, for three reasons: (1) Because the affidavit of publication of notice of the sheriff's sale was not properly signed as the same appeared in the sheriff's return of sale. Upon permission of the court, properly granted, the irregularity was corrected and the affidavit correctly signed at that hearing. (2) It is claimed the sale should have been set aside because of inadequacy of the price at which the property was sold. There were affidavits that the property was worth largely in excess of the amount for which it was sold, and it also appears that, only a few months before the sale, appellants filed a declaration of homestead upon the whole of the property, alleging that its worth was $4,000, but this seems to us to be immaterial. It was sold to the highest bidder, and the appellants cannot be injured by the sale of the property for less than the amount of the judgment. They have a year in which to redeem from the sale, and the less the bid, the smaller amount required to redeem. (3) It is claimed that the sale was irregularly made because the

four lots were sold *en masse,* rather than in separate parcels. There is nothing to show that any one else was interested in the property. Together, the several lots had been considered as a single tract and suitable for a homestead, by the declaration of appellants filed for that purpose; and the sheriff's return states the premises were sold in one parcel, "deeming" that the most advantageous," which was according to the provision of § 583, Rem. Code.

Finally, it is claimed the court erred in denying an application of the appellants for an order staying the execution of the deficiency judgment during the pendency of their appeal to this court. In this there was no error. The deficiency judgment was definite and certain.. The statute, Rem. Code, § 1722, provides that, in order to effect a stay of proceedings, a bond, where the appeal is from a final judgment for the recovery of money, shall be given in a penalty double the amount of the judgment appealed from. It was a case in which there was no occasion for an application to the court. The matter was definitely fixed by the provisions of the statute.

The judgment is affirmed.

HOLCOMB, C. J., PARKER, MAIN, and MACKINTOSH, JJ., concur.