[No. 22632.    Department Two.    January 7, 1931.]

S. A. KAHL, *Respondent*, v. PHILIP ABLAN *et al.*, *Appellants.*[1]

*James R. Chambers* and *Grinstead, Laube, Laughlin & Lichty,* for appellants.

*Chadwick & Chadwick, Howard P. Arnest,* and *Orville H. Mills,* for respondent.

[1]Reported in 294 Pac. 1010.

MITCHELL, C. J.—The respondent, S. A. Kahl, of Portland, Oregon, doing business as S. A. Kahl & Co., on July 26, 1929, sued appellants Philip Ablan and wife, of Seattle, Washington, doing business as West Paper Co., on four separate causes of action. The first one was on a promissory note for $15,789.78 and interest, dated March 5, 1929, due July 20, 1929, given on account of rugs sold and delivered by the respondent to the appellants. The second cause of action was for $3,865 for rugs consigned and delivered about April 1, 1929, by respondent to appellants, which were sold and unaccounted for by them. The third cause of action was for $280 for a rug consigned and delivered about March 23, 1929, by the respondent to the appellants, which was sold and unaccounted for by them. The fourth cause of action was for $16.81 freight on rugs paid by the respondent chargeable to the appellants.

In their amended answer dated September 18, 1929, after certain general denials, the appellants, by way of affirmative defense to the first cause of action, admitted the execution and delivery of the note sued on, and then alleged in substance that it was given as the purchase price of rugs which the respondent falsely and fraudulently stated were new and that he was selling at New York cost prices. That the representations were false, made with intent that they should be relied and acted upon; that appellants believed and relied upon the representations; and that in truth and in fact the New York prices were thirty-five per cent less. Further answering the entire complaint, that is, all four causes of action, it was affirmatively alleged that on July 25, 1929, the parties settled their entire controversy by an agreement in writing as follows:

"July 25, 1929.

"I agree to accept rugs of my own up to the amount of my claim, not including Chinese and damaged goods plus two hundred dollars. Any difference will be paid in cash and note and release in full. Goods to be delivered in Portland.        S. A. KAHL & Co."

Further, it was alleged:

". . . that the defendants have ever since been ready, able and willing to carry out the terms of said written agreement of settlement which the plaintiff, subsequent to its date, repudiated."

The affirmative matters in the amended answer were denied by a reply.

On the trial of the case to a jury, the plaintiff introduced evidence to support his causes of action. And then, upon the appellants commencing their proof, respondent objected to the introduction of any evidence in support of either the first or second affirmative defenses, for the reason that they and each of them failed to state facts sufficient to constitute any defense to plaintiff's causes of action or either of them. The demurrer was sustained with respect to both. Thereupon appellant asked leave to make trial amendments as follows: As to their first affirmative defense, by adding the allegation that they had offered to and are willing to return the rugs and tender the same to plaintiff, except such as had been sold already, which they were willing to pay for; and to amend the second affirmative defense by stating that they tender complete performance of the agreement of compromise, including the return of the rugs and the payment of money. The respondent objected to the amendments for several reasons, among other reasons because the applications to amend were not timely. The objections were sustained, and the proposed amendments were not allowed. There was a verdict and judgment

for the respondent against appellants Ablan and wife as to all four causes of action, from which they have taken this appeal.

On the appeal appellants insist that their so-called affirmative defense to the first cause of action was good. We do not think so. They have continued in the possession and ownership of the rugs for which the note in suit was given. It was nowhere alleged that the rugs were worthless or without substantial value, and notwithstanding fraud in making the sale, if appellants kept the rugs rather than rescind the sale, they must pay the purchase price, less the amount of damages, if any, they have sustained by reason of the fraud and misrepresentation. This the pleading does not seek, but on the contrary purports to be a complete defense to the note given for the purchase price.

There is another view which shows that the pleading does not state facts sufficient to constitute a defense to the first cause of action. It is a sensible and common rule that fraud without damage or injury is not remediable. In this pleading it is not asserted that the rugs for which the note was given were worthless, nor is it stated that they are not reasonably worth the face of the note. The pleading says that the seller fraudulently stated that the goods were new and being sold at New York prices, when in truth the New York price was thirty-five per cent less. All of these allegations may have been true, and yet the goods sold and delivered here have a reasonable value fully equal to or in excess of the amount of the note given for the purchase price.

Nor do the facts stated in the second affirmative defense constitute any defense to any or all of the causes of action. The instrument pleaded dated July 25, 1929, hereinabove set out, was not signed by, nor does it state that it was agreed to, by the appel-

lants. It in no way bound them. As the instrument appears upon its face it contains no promise on the part of the appellants to perform nor tender of performance in whole or in part. No consideration was paid by them. The instrument amounted to no more than an offer on the part of the respondent, which of course was subject to be canceled or withdrawn at his pleasure, and which, as appears from the pleading of the appellants, was withdrawn, though in the pleading it is spoken of as repudiation. Nor does the allegation in the answer, made months after the suit was commenced, that appellants were ready, able and willing to perform, alter the situation—the offer of the seller had been withdrawn.

Nor was there any error in refusing the proposed trial amendments. This is a law action. It was being tried by a jury. No actionable fraud was alleged as a defense, and the performance by the appellants now tendered by the proposed trial amendments was nothing more than another promise which of course could not be forced on the respondent nor serve as a defense to the action. Besides, trial amendments are largely in the discretion of the trial judge, especially in jury trials, and if those offered here were at all admissible there was no abuse of discretion on the part of the trial judge in refusing them. *Hepner v. Dept. of Labor & Industries,* 141 Wash. 55, 250 Pac. 461; *Finn v. Bremerton,* 118 Wash. 381, 203 Pac. 971.

By the last assignment of error, appellants object to the allowance of interest at the legal rate on the amounts involved in the second and third causes of action from July 25, 1929, the date of the commencement of the action, to the date of the judgment. The amounts upon which interest was allowed never belonged to the appellants. The goods were consigned, and continued to be the property of the respondent

until sold by the consignees as agents of the seller, and then the money or that portion of it belonging to the seller was his money. The refusal of the appellants to pay the money on demand, which the commencement of the suit amounted to, was in the nature of a conversion for which the legal rate of interest, as the value of the use of the money, was chargeable. That amount of interest was included in the judgment and was authorized under the authority of the decisions of this court. *Smith Co. v. Hardin,* 133 Wash. 194, 233 Pac. 628; *McSorley v. Bullock,* 62 Wash. 140, 113 Pac. 279; *Modern Irrigation & Land Co. v. Neely,* 81 Wash. 38, 142 Pac. 458. Or, as stated in *Daniel v. Daniel,* 116 Wash. 82, 198 Pac. 728, there was a forbearance of money which by the code (Rem. Comp. Stat., § 7299) shall bear interest at a fixed rate. That rate applicable to the present case is six per cent per annum, which is the amount allowed in the judgment.

Judgment affirmed.

FULLERTON, TOLMAN, and MILLARD, JJ., concur.

BEALS, J. (dissenting)—In my opinion the trial court erred in refusing appellants' offered trial amendment to their first affirmative defense. I therefore dissent from the conclusion reached by the majority.