[No. 23820.   Department Two.   October 26, 1932.]

J. C. WYNNE *et al., Respondents,* v. PETER RONMAN *et al., Appellants.*[1]

*Earl V. Clifford,* for appellants.

*E. N. Eisenhower,* for respondents.

BEALS, J.—By contract bearing date January 8, 1929, Peter and Jennie Ronman agreed to sell to Rolf M.

[1]Reported in 15 P. (2d) 280.

and Hulda Isakson a tract of improved real estate in Pierce county. The contract recited a consideration of $4,200, and that the purchasers had paid on account thereof the sum of $727.73. As part of the purchase price, the vendees assumed two mortgages, one for $2,200, the other for $100, the balance, together with interest thereon, being payable to the vendors at the rate of thirty dollars per month.

October 21, 1929, Mr. and Mrs. Ronman assigned the contract to the plaintiffs herein, and delivered to them a deed to the property. It appears that plaintiffs, as consideration for the assignment of the Isakson contract and the conveyance of the property covered thereby, conveyed to Mr. and Mrs. Ronman a tract of real estate, defendants paying to plaintiffs approximately $375 in cash, in accordance with the agreement between the parties.

During the month of February, 1931, plaintiffs brought this action for the purpose of rescinding the contract, or for damages in case rescission could not be had. The action was tried to the court, sitting without a jury, and resulted in a judgment in plaintiffs' favor. It appearing that defendants had conveyed the property which they received from plaintiffs, and that a rescission could not be decreed, the trial court granted plaintiffs judgment against defendants for the sum of $977.68, from which judgment defendants appeal.

Appellants assign error upon the order entered by the trial court overruling their demurrer to respondents' complaint, and upon the entry of judgment in favor of respondents.

In their complaint, respondents alleged the exchange of properties, and that appellants had represented that Mr. Isakson had paid in cash upon his contract the sum therein receipted for; that this repre-

sentation was false, and that Mr. Isakson had not made any such payment, and that the actual sale price of the property as between appellants and Mr. Isakson was $3,500. Plaintiffs further alleged that Mr. Isakson had made default in his payments, and that, had respondents known the true situation concerning the Ronman-Isakson contract, they would not have purchased the same. Respondents did not allege that appellants had guaranteed that Mr. Isakson would make the payments called for in his contract; neither did they allege the value of the real estate covered thereby.

Appellants contend that respondents' complaint is obnoxious to a demurrer, in the absence of any allegations to the effect that the property which they received was worth less than the consideration expressed in the Isakson contract, and cite the opinion of this court in the case of *Kahl v. Ablan*, 160 Wash. 201, 294 Pac. 1010.

In the complaint in the case cited, the plaintiff stated four causes of action; the first upon a promissory note, the second and third for goods sold, and the fourth for prepaid freight. In their answer, the defendants, as an affirmative defense to the first cause of action, pleaded false representations as to the value of the property for the purchase price of which the note was given. A demurrer interposed to this defense, when the case was called for trial, was sustained; which ruling this court affirmed, for the reason that the affirmative defense failed to allege that the property was without substantial value, and for the further reason that,

" . . . notwithstanding fraud in making the sale, if appellants kept the rugs rather than rescind the sale, they must pay the purchase price, less the amount of damages, if any, they have sustained by reason of the fraud and misrepresentation. This the pleading does not seek, but on the contrary purports to be a

complete defense to the note given for the purchase price."

The court goes on to state that fraud without damage or injury is not remediable, and calls attention to the defects in the pleading which was before the court.

The language used must be considered in connection with the questions which were presented. In the case at bar, the respondents sued for a rescission, asking for damages only in case a rescission could not be had. The right of a party to rescind does not necessarily depend upon the value of the property which he received. If he was misled by false and fraudulent representations, his right to rescind the contract may be complete, irrespective of the value of the property which he received. The trial court did not err in overruling appellants' demurrer to respondents' complaint.

As to the merits, there was a dispute in the testimony as to whether or not Mr. Isakson had paid $727.73, or any substantial sum, as a down payment upon the contract whereby appellants agreed to sell him the property in question. The trial court expressly found that appellants represented to respondents that appellants had contracted to sell the property to Mr. and Mrs. Isakson for $4,200, and that the purchasers had paid in cash, on account of the purchase price, $727.73; that respondents had relied upon these representations, and that the same were false and untrue; that Mr. Isakson had not, in fact, agreed to pay for the property any sum in excess of $3,500, and had paid to appellants on account of the purchase price of the property no greater sum than $27.73, which amount represented his entire initial investment in the property.

Appellants contend that these findings are not supported by the evidence, and that the court should have

made findings of fact in their favor. We have read the evidence, and conclude that it preponderates in favor of the findings entered by the trial court.

Appellants contend that respondents should not have prevailed in the action, but that judgment should have been rendered in their favor. In the case of *McMillen v. Hillman,* 66 Wash. 27, 118 Pac. 903, questions were considered in many respects similar to those here presented. In the case cited, the evidence of downright fraud was much clearer than is the evidence in the case at bar, but the case is directly in point, and supports the conclusion of the trial court, if it be determined, as a matter of fact, that Mr. Isakson had not actually made the payment recited in the contract between him and appellants.

Holding, as we do, that, in this connection, the express finding of the trial court is supported by the preponderance of the evidence, it follows that the judgment appealed from is correct.

The opinions of this court in the cases of *Stelter v. Fowler,* 62 Wash. 345, 113 Pac. 1096, 114 Pac. 879, and *Kohl v. Taylor,* 62 Wash. 678, 114 Pac. 874, 35 L. R. A. (N. S.) 174, are also in point in connection with the questions here presented.

Finding no error in the record, the judgment appealed from is affirmed.

TOLMAN, C. J., HERMAN, MAIN, and STEINERT, JJ., concur.