[No. 24307. *En Banc.* March 20, 1933.]

JOHN A. PEABODY, *Appellant*, v. PIONEER SAND AND GRAVEL COMPANY, *Respondent*.[1]

[1]Reported in 20 P. (2d) 15.

314

 

*James R. Chambers, Dore, Beeler & Haven,* and *J. W. Graham,* for appellant.

*McMicken, Ramsey, Rupp & Schweppe,* for respondent.

MILLARD, J.—Plaintiff prosecutes this appeal from decree of dismissal of his action for an accounting and to recover one-third of the profits and one-third of the value of defendant's Tru-Mix concrete business.

This cause was once before in this court. *Peabody v. Pioneer Sand & Gravel Co.,* 164 Wash. 26, 2 P. (2d) 714. The first appeal was from a judgment of nonsuit entered on motion of the defendant at the close of plaintiff's evidence, the trial court being of the view that there was a

". . . failure of proof because the evidence showed that there was no secret process in the exclusive possession of Peabody of such nature that he was entitled to compensation for merely communicating it to the company;"

and that judgment was reversed. We held on the first appeal that the proof failed to show that Peabody possessed any secret process; that the proof showed that the contract was made substantially as pleaded and testified to by Peabody,

". . . and was carried out successfully in its performance by Peabody up to the time of the severing of his relations with the company, by its declaration and election through Ostrander, its president and general manager;"

that the contract, though oral, did not, as contended

by respondent company, fall under the ban of the statute of frauds, as the contract "was manifestly terminable at the will of either party at any time within a year or at any time thereafter," and the time of termination did not necessarily extend beyond one year; that

"The right determination of this action, it seems to us, plainly calls for an accounting between Peabody and the company touching the profits of the business and Peabody's interest therein . . .

"It appears, as the proof stood at the close of the evidence introduced in behalf of Peabody, that there had been profits of very substantial amount earned by the business during the year 1925 up to December 20, 1925, when the relations of the parties were severed. It seems plain to us, as the evidence now stands, that Peabody is entitled to share in those profits in accordance with the terms of the contract between him and the company, and the company is liable to him for an accounting and for the amount thereof, unless, upon further evidence which may be introduced in behalf of the company, it be proved otherwise."

·The questions settled upon the first appeal are the "law of the case" upon the present appeal. Our decision upon the first appeal established, as the law of the case, that the evidence adduced at the previous trial was insufficient to establish possession by Peabody of a secret process; that the evidence was sufficient to establish existence of an oral contract, terminable at the will of either party thereto at any time, substantially as pleaded by the appellant; that the contract, up to the time (December 20, 1925) appellant's relations with respondent were severed by respondent's election to terminate the contract, "was carried out successfully in its performance by Peabody;" and that Peabody was entitled to share in the profits from the concrete business for the year

1925 up to December 20th of that year, in accordance with the terms of the contract between him and the respondent company.

In addition to other evidence, the statement of facts and the exhibits on the previous trial were considered as evidence on the second trial. However, the evidence received at the two trials of the action is substantially the same in all vital particulars, and the only question presented upon this appeal is the measure of appellant's recovery from respondent.

Under the terms of his oral contract with respondent, the appellant was to instruct the respondent and its employees in the Tru-Mix concrete method—it was not a secret process—and for such service respondent agreed to pay to appellant two hundred and fifty dollars monthly "until the said business had paid for itself." It was further agreed that the appellant

". . . was to have and own an undivided one-third (⅓) interest in and to the said business, and its profits and its property, the said one-third (⅓) interest to be paid for as to its actual cost, out of the profits made therein."

The respondent elected to terminate the contract December 20, 1925. The monthly salary of two hundred and fifty dollars to that date was paid by the respondent to the appellant. All that appellant was entitled to recover was his share of the profits up to December 20, 1925. At the time of the severance of appellant's relations with respondent, the former did not have in the business any investment other than his services. He did not own any of the land. He did not have any customers of his own. He did not have a secret process. He was not possessed of an idea that was unknown to others. For his services, he was to receive, and did receive, a stipulated monthly salary during the life of this terminable oral

contract. Appellant was also to receive, under the terms of this contract, a one-third partnership interest in the business and its profits, such one-third "interest to be paid for as to its actual cost, out of the profits made therein."

We repeat that, in the absence of a stipulation by the parties as to the time during which the contract was to continue in force, the partnership contract was terminable at any time at the will of either of the parties. 20 R. C. L. 954; *Peabody v. Pioneer Sand & Gravel Co.*, 164 Wash. 26, 2 P. (2d) 714. After the dissolution of the partnership, if one of the parties continued in the same business, no liability would be imposed upon him to pay to the retiring or excluded partner any of the profits earned by the business subsequent to the date of the termination of the partnership. The outgoing partner would be entitled to his share of the profits of the business up to the date of the severance of the partnership relations; that is to say, appellant was entitled to recover one-third of the profits of the business during the year 1925.

Appellant and respondent are not in accord as to the amount of the profits of the business during the year 1925. They agree as to the amount of gross sales and all items of deduction except that of "materials used." By appellant's computation, it would appear that the profits for 1925 were $5,422.12. Respondent's figures reflect a net loss of $74.36 for the year 1925. The discrepancy is due to the divergent views of the parties as to the price at which sand and gravel ("materials used") should be charged to the concrete department. Appellant insists that it should have been charged at its bare cost of $65,231.78. Respondent contends that the charge for sand and gravel, the profit on which always belonged

to the respondent, should have been $70,728.26, which was the same price the respondent obtained from its customers.

Which theory is correct, we need not decide. Under the terms of his contract with the respondent, the appellent was to receive a stated monthly salary "until the said business had paid for itself" and a one-third interest in the profits, business and property when the profits of the business aggregated an amount equal to the cost of the business; that is, when the business had paid for itself. Under appellant's theory, the profits for 1925 were $5,422.12. In the construction of the concrete-mixing plant in 1925, the respondent expended $16,812.62. In computing the profits, the appellant did not take into consideration this installation cost. Patently, there were no profits during 1925—the business had not paid for itself— therefore appellant is not entitled to a recovery against the respondent.

The judgment should be, and it is, affirmed.

PARKER, TOLMAN, HOLCOMB, MITCHELL, BLAKE, STEINERT, and MAIN, JJ., concur.

BEALS, C. J., concurs in the result.