[No. 24735. Department Two. December 13, 1933.]

LEONA DE HAVEN, *as Executrix, Respondent, v.*
FRANK EVANS *et al., Appellants.*[1]

*Dwight D. Hartman, Hartman & Hartman,* and
*John Kelleher,* for appellants.

*Roberts, Skeel & Holman* and *Frank Hunter,* for
respondent.

BLAKE, J.—Leona De Haven, as executrix of the
estate of Isidore Impens, brought this action to re-
cover from defendants the sum of $880.47, on account

[1]Reported in 27 P. (2d) 725.

of the alleged conversion by them of the proceeds of a check in that amount belonging to the estate. The defendants answered by way of general denial. From a judgment entered on findings favorable to plaintiff, defendants appeal.

The basis of appellants' claim to the proceeds of the check, as stated in their brief, is:

"The proof, had the trial court accepted the various offers of appellants, would have established the fact that the deceased delivered the check to them partly in payment of services rendered and partly as a gift *causa mortis.*"

The first aspect of their contention is presented in two ways: (1) That Impens, who was a member of appellants' household during the last five months of his life, gave the check to them in consideration of the care and attention bestowed upon him by appellants; and (2) that they were entitled to offset the full amount of the check for such services as a *quantum meruit.*

The second contention may be readily disposed of. The answer did not raise the issue of offset, as required by Rem. Rev. Stat., § 271. No evidence was admitted on the issue, so there is no ground for the contention that the pleading may be deemed amended to conform to proof.

Toward the close of the trial, appellants moved to amend their answer to present the issue, which motion the court denied. This motion was addressed to the discretion of the trial court. We do not think he abused his discretion in denying it.

As to the claim of gift of the check for services rendered, no evidence was offered in support of such a transaction, except that of appellants themselves. This the court rejected because of the inhibition of Rem. Rev. Stat., § 1211, providing that, in actions by

and against executors and administrators, parties in interest may not testify in their own behalf as to transactions or conversations had with the deceased person.

Appellants seek to escape the force of the statute because of an alleged waiver of its terms by respondent. The claimed waiver arises out of an examination of appellants had in the probate proceedings upon citation issued for the purpose of ascertaining what they had done with the check. In the trial of the present case, respondent and one of her attorneys stated that, at that hearing, they first learned of appellants' claim that deceased had given the check to them. We fail to see how this testimony in any degree tended to delve into the facts attending the transaction whereby appellants claimed deceased had given them the check. The examination of appellants in the probate proceedings of itself did not constitute a waiver. *Percy v. Miller,* 115 Wash. 440, 197 Pac. 638.

As to the second aspect of appellants' claim, namely, that there was a gift *causa mortis,* the trial court found that, at the time appellants obtained possession of the check, the deceased was *non compos mentis;* that he was incapable of voluntary action. This finding, we think, is supported by the evidence, not merely by a preponderance, but beyond all reasonable doubt. It would serve no useful purpose to narrate the evidence bearing upon this transaction. Suffice it to say, the deceased had suffered a paralytic stroke. He was in such desperate condition on December 15th that the priest who was called in gave him conditional absolution because he could not speak and because it was doubtful if he could understand. The priest thought he was then dying. Yet the next day, December 16th, it is claimed the gift was made. The witness who was offered to prove the deed of

gift was utterly discredited, to our minds, by the contradictions in his own testimony.

The judgment is affirmed.

BEALS, C. J., TOLMAN, GERAGHTY, and HOLCOMB, JJ., concur.