[No. 25169.   Department Two.   September 24, 1934.]

SAM BAXTER, *Respondent*, v. FORD MOTOR COMPANY, *Appellant*.[1]

*Battle, Hulbert & Helsell, Whittemore & Truscott,* and *Harold A. Seering,* for appellant.

*J. O. Davies,* for respondent.

HOLCOMB, J.—This case has been in this court before and is reported in 168 Wash. 456, 12 P. (2d) 409, 15 P. (2d) 1118. For the issues, see the former opinion.

[1]Reported in 35 P. (2d) 1090.

The action was instituted against Ford Motor Company, a corporation, and the St. Johns Motors, a corporation, and upon the previous trial, at the conclusion of the evidence on behalf of plaintiff, a judgment of dismissal was entered in favor of both defendants. That judgment was appealed from by the plaintiff, and resulted in an affirmance as to St. John Motors, thereby releasing it from liability, and reversal as to the present appellant.

The case was retried on June 27 and 28, 1933. The jury returned a verdict in favor of the present respondent, upon which, after a denial of motions for judgment *non obstante veredicto* or for a new trial, judgment was entered.

No contention is now made by appellant that the evidence on behalf of respondent on the retrial is substantially different than that on the first trial.

A motion made by respondent to dismiss this appeal, which was passed to the merits for determination, is now denied as not well founded.

In addition to the evidence that had been offered and received on the former trial, respondent testified to an entire lack of experience and an absence of familiarity with non-shatterable glass which would enable him to recognize that the glass in the windshield on the car purchased by him from St. John Motors was other than what it was represented to be; and that, in purchasing the car, he relied on the representations concerning the non-shatterability of the windshield made in the catalogs of appellant. This was received to conform to our decision that such testimony was competent.

In the former decision, we held that it was for the jury to determine, under proper instructions, whether the failure of respondent Ford Motor Company to equip the windshield with glass which did not fly or

shatter, was the proximate cause of appellant's (now respondent's) injury.

In that decision, we held that, in an action for breach of warranty of non-shatterable glass in a windshield, catalogs and printed statements furnished the dealer for sales assistance are admissible against the manufacturer, although there was no privity of contract, since the falsity of the representations could not be readily detected; and that, in an action for a breach of warranty of non-shatterable glass in a windshield, plaintiff is entitled to show his absence of familiarity with non-shatterable glass, and that he had had no experience enabling him to recognize the difference between it and ordinary glass.

At the commencement of the retrial, appellant moved to file an amended answer, presented to the trial court for the first time on that day, in which it sought to set up in its pleadings an affirmative defense to the effect that it was not liable in this case by reason of the contract which existed between it and St. John Motors, the dealer, and by reason of the contract of sale entered into between respondent and St. John Motors at the time of the purchase of the automobile in question. Both of these contracts were before this court on the prior appeal; and this appellant, on that appeal, contended that it was not liable to this respondent by reason of the legal effect of the two contracts between it and St. John Motors. The legal effect of those two contracts was extensively argued on that appeal, to which contention this court answered:

"When the car was sold to appellant, a written purchase order was entered into between the seller and the purchaser. Ford Motor Company was not a party to this agreement. Certain reading matter was printed on the back of the purchase contract, which printing purported to tell what constituted the Lincoln Motor

Company warranty and the Ford Motor Company warranty. There was nothing in connection with the sales agreement which indicates that either the Lincoln Motor Company warranty or the Ford Motor Company warranty there set forth was made to, or accepted by, appellant or any other person.

"The instrument in question was devoid of any provision which would have given appellant the right to sue the Lincoln Motor Company or the Ford Motor Company, if privity of contract be a condition precedent to a suit predicated on misrepresentations perpetrated by a manufacturer upon the public, resulting in the sale of products put forth as possessing qualities which the victim of such misrepresentations later discovers, to his damage, were lacking. Hence, respondent Ford Motor Company cannot successfully maintain that, so far as appellant is concerned, its warranties to appellant were set forth in the purchase agreement between appellant and the respondent dealer."

The trial court refused leave to file the amended answer at that time, probably because of that part of our decision above quoted.

Appellant assigns eight errors as grounds for reversing the verdict and judgment, the principal of which devolves upon the question of whether or not our former decision should be overruled. Cases are cited from state, United States, and Federal courts, to the effect that an appellate court, by such former decision, does not preclude itself from doing justice between the parties if it should be convinced that its former decision was erroneous.

Appellant vehemently insists that the former decision is erroneous and should be overruled.

On the former appeal, the case was well considered and discussed by the Department, again considered *En Banc,* and a majority of the court, after due consideration and deliberation, adhered to the former opinion. At least, a majority of the court still con-

sider the former decision as in accord with the principles of common law, in so far as this appellant is concerned, are content therewith, and are not disposed to overrule it.

The law is well settled in this state that, on a second appeal, we will not review questions decided by us on the former appeal. *Collins v. Terminal Transfer Co.*, 98 Wash. 597, 168 Pac. 174; *Pacific Power & Light Co. v. White*, 104 Wash. 528, 177 Pac. 313; *Ecuyer v. New York Life Insurance Co.*, 107 Wash. 411, 181 Pac. 871, 186 Pac. 327.

Upon the retrial, the parties and the trial court were all bound by the law as made by the decision on the first appeal. On appeal therefrom, the parties and this court are bound by that decision unless and until authoritatively overruled.

As to the right to file the amended answer belatedly when the retrial began, this court had, in effect, held that it was not a legal defense on the part of appellant. Moreover, trial amendments are largely in the discretion of the trial judge, especially in jury trials, and if the amendment here offered was at all admissible, there was no abuse of discretion on the part of the trial judge in refusing it at the time offered, seven months after the remand to the lower court. *Kahl v. Ablan*, 160 Wash. 201, 294 Pac. 1010.

Nor was proper diligence exercised in offering that defense, just before the trial began, under our rule 3, relating to amendments and irregularities (Rem. Rev. Stat., § 308-3 [P. C. § 8676-6]).

It follows, therefore, that, whether the trial amendment was a proper defense as to this appellant, the trial judge did not err in denying it at the time it was offered. See, also, *Osner & Mehlhorn v. Loewe*, 111 Wash. 550, 191 Pac. 746; *DeHaven v. Evans*, 175 Wash. 428, 27 P. (2d) 725.

■ A new point, arising out of the last trial, claimed as error, was in excluding testimony of an expert witness on behalf of appellant to the effect that there was no better windshield made than that used in respondent's car, and in sustaining the objection to appellant's offer of proof on that point.

No authorities are cited by appellant to sustain this claim, and we know of none. Indeed, it would seem that whether there was any better make of shatter-proof glass manufactured by anyone at that time would be wholly immaterial, under the law as decided by us on the former appeal, since it was the duty of appellant to know that the representations made to purchasers were true. Otherwise, it should not have made them. If a person states as true material facts susceptible of knowledge to one who relies and acts thereon to his injury, if the representations are false, it is immaterial that he did not know they were false, or that he believed them to be true. *Pratt v. Thompson,* 133 Wash. 218, 233 Pac. 637; *Jacquot v. Farmers Straw Gas Producer Co.,* 140 Wash. 482, 249 Pac. 984.

■ We have examined the instructions given and refused by the court, and find that the instructions given were generally in strict accord with the law as laid down by this court on the former appeal. Twenty-one instructions were requested by appellant, most of which were refused for the reason that they were not in accord with our decision. However, appellant persuaded the trial judge to give one instruction which was probably error as against respondent. The court charged the jury that "there is no proof of fraud in this case." It has become almost axiomatic that false representations inducing a sale or contract constitute fraud in law. See former decision. See, also, *Pratt v. Thompson* and *Jacquot v. Farmers Straw Gas Producers, supra.* However, this instruction, if it was

error against respondent, was cured by the verdict of the jury favorable to respondent.

Two other instructions requested by appellant and refused by the trial court to the effect that the evidence was not sufficient to sustain a verdict against appellant and directing them to return a verdict in its favor, and one to the effect that there was no proof to show that there was any defect in the material or workmanship in the automobile in question, nor that the injury complained of was proximately caused by any defect in material or workmanship, would have been utterly invalid under our previous decision and the facts in this case.

There was no error of which appellant may rightfully complain, and the judgment is affirmed.

BEALS, C. J., BLAKE, and GERAGHTY, JJ., concur.

TOLMAN, J., dissents.