[No. 27822.    Department One.    March 14, 1940.]

DAVID J. MURPHY, *Appellant,* v. PLYMOUTH MOTOR COR-
PORATION *et al., Respondents and Cross-appellants.*[1]

*John T. Dalton,* for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for re-
spondents and cross-appellants.

MAIN, J.—The purpose of this action was to recover
damages for the alleged breach of warranty as to an
automobile.   The defendants were the Chrysler Sales
Corporation, the De Soto Motor Corporation, and the
Plymouth Motor Corporation.   During the trial, the
Chrysler Sales Corporation was dismissed out of the
case.   The trial proceeded as to the other two defend-

[1]Reported in 100 P. (2d) 30.

ants before the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $2,900. The defendants moved for judgment notwithstanding the verdict and, in the alternative, for a new trial. The motion for judgment notwithstanding the verdict was overruled, and the motion for new trial was granted. The plaintiff appealed from the order granting the new trial, and the defendants appealed from the order denying their motion for judgment notwithstanding the verdict.

December 3, 1935, the appellant, David J. Murphy, purchased a DeLuxe model Plymouth sedan from a local retail distributor in the city of Seattle. January 8, 1936, while driving on Whidby island in a northerly direction towards Oak Harbor, the car skidded and left the road, passed over a wire fence on the west side thereof, and landed in a pasture, where it turned over at least once. The skidding of the car began when it was rounding a curve, the surface of the road there having been oiled, and it was wet and slippery. Murphy, in his testimony, said that the car cleared the wire fence. A party who lived just across the road on the east side said that he heard the sound of the motor as the car approached the curve, but he first saw it when it was going through the air. When the car came to rest, it was standing upright on its wheels. The top on the left side was crushed and bent down. The glass in the door on the left side was broken, and the glass in the windshield was also broken.

Before Murphy purchased the car, he was shown certain advertising matter in the form of pamphlets, catalogues, moving picture slides, and phonograph records. In this advertising matter, there was stressed the steel body of the Plymouth and how it was attached to the frame, as well as the shatter-proof glass windshield. When the case was being orally argued here,

it was stated that the warranty relied on was best expressed by the pictures, and reference was made to what is called exhibit 1, which may be designated as a booklet of approximately twenty-five pages. One of the pictures in this booklet shows a Plymouth sedan being turned over at a speed of sixty miles an hour. This car was driven at the World's Fair in Chicago by one who had a wide reputation in driving racing cars. The car would turn over without damage and would be used for that purpose day after day. Another picture shows a railway freight car resting, in part, upon the top of a Plymouth car, without crushing it. The freight car is in such a condition, however, that it is obvious that the greater portion of its weight is supported by the other side of the car, which rested upon the ground.

There is no evidence that any false or untrue statement of fact was made in any of the advertising matter.

In the action, Murphy sought damages for personal injuries and, also, damages that resulted to the automobile.

Murphy relies largely, in support of his contention that there was a warranty, upon the case of *Baxter v. Ford Motor Co.*, 168 Wash. 456, 12 P. (2d) 409, 88 A. L. R. 521. In that case, the plaintiff purchased a Ford automobile from a local dealer. At the time he purchased it, there was given to him certain printed matter which made the statement that it had a " 'Triplex shatterproof glass windshield—so made that it will not fly or shatter under the hardest impact.' " Subsequently, while the plaintiff was driving the car, a pebble thrown by a passing car struck the windshield, causing pieces of glass to fly into the plaintiff's eye, resulting in the loss thereof. The action was brought against the Ford Motor Company on the ground that there was a breach of an express warranty with reference to the shatter-

proof glass, and that the statement in the printed matter which had been given to him was untrue. It was held in that case that the plaintiff had a right to recover. It was there said:

"We hold that the catalogues and printed matter furnished by respondent Ford Motor Company for distribution and assistance in sales (appellant's exhibits for identification Nos. 1, 2, 3, 4 and 5) were improperly excluded from evidence, because they set forth representations by the manufacturer that the windshield of the car which appellant bought contained Triplex non-shatterable glass which would not fly or shatter. The nature of non-shatterable glass is such that the falsity of the representations with reference to the glass would not be readily detected by a person of ordinary experience and reasonable prudence. Appellant, under the circumstances shown in this case, had the right to rely upon the representations made by respondent Ford Motor Company relative to qualities possessed by its products, even though there was no privity of contract between appellant and respondent Ford Motor Company."

The case was returned to the superior court for retrial. The plaintiff had a verdict and judgment, from which the motor company appealed. In the opinion in the latter case (*Baxter v. Ford Motor Co.*, 179 Wash. 123, 35 P. (2d) 1090), it is recognized that the doctrine of the first opinion was that there had been a breach of an express warranty upon which the plaintiff had a right to rely. In that case, as shown by the opinion upon the first appeal, there was, as above indicated, an express warranty to the effect that shatter-proof glass would not fly or shatter under the hardest impact, which was not correct.

As already pointed out, there is no untrue or false statement of fact in the case now before us. It cannot be held that an implied warranty would arise because a Plymouth automobile, driven by an expert over a

smooth surface, while going at a speed of sixty miles an hour, could turn over day after day without harm and would stand up under any circumstances.

The doctrine of implied warranty with reference to the sale of patent medicines and prepared food products (*Mazetti v. Armour & Co.,* 75 Wash. 622, 135 Pac. 633, Ann. Cas. 1915C, 140, 48 L. R. A. (N. S.) 213) is not applicable to an automobile.

The cross-appellants' motion for judgment notwithstanding the verdict should have been sustained.

The order granting a new trial will be set aside, and the cause remanded to the superior court with directions to dismiss the action.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.