[No. 28466.    Department Two.    February 20, 1943.]

BLANCHE E. DAVIS, *Respondent*, v. THOMAS H. DAVIS, *Appellant*.[1]

*Chas. A. Cave* and *James G. Mulroy*, for appellant.

*Tworoger, Horr & Franco* (*Albert Hanan*, of counsel), for respondent.

SIMPSON, C. J.—The plaintiff commenced this action by filing a complaint for separate maintenance, to which the defendant cross-complained for annulment or, in the alternative, for a divorce. The case was sub-

[1]Reported in 134 P. (2d) 467.

mitted on those issues, but no evidence was introduced in support of the defendant's allegations upon which he based his claim for annulment or divorce. A decree of annulment, however, was entered, based entirely on an oral stipulation of the parties in open court that such decree should be entered. At that time, the court gave the plaintiff judgment against the defendant for two thousand dollars as damages. The defendant then appealed to this court from that part of the judgment or decree which awarded the plaintiff a money judgment. This court thereupon assumed jurisdiction of the whole case and set aside the decree of annulment and the money judgment, and remanded the case to the superior court for further proceedings not inconsistent with the ruling of this court (*Davis v. Davis*, 3 Wn. (2d) 448, 101 P. (2d) 313). In deciding that case, we stated:

"If the facts 'found and stated' fail to support the decree, it is wholly immaterial which party appeals or from what portion of the decree he appeals. For, upon appeal, the statute (Rem. Rev. Stat., § 996) in terms vests this court with jurisdiction
" '. . . of the whole case *as fully as the superior court was and [it] may reverse, modify or affirm said judgment, according to the real merits of the case.*' " (Italics ours.)

The defendant thereafter filed a motion in the superior court for leave to present further evidence, which was denied. The defendant then applied to this court for a writ of mandamus to compel the trial court to allow the introduction of evidence in support of his allegations for an annulment. His application for the writ was denied without opinion. The superior court thereupon entered its "amended findings of fact and conclusions of law," finding therein that the parties married October 3, 1938; that no children were born of the marriage; that the plaintiff had failed to show

that she was entitled to separate maintenance; that the defendant had failed to sustain the allegations of his cross-complaint; and that the complaint of the plaintiff and the cross-complaint of the defendant should be dismissed. An order of dismissal was entered accordingly, and the defendant appealed.

He assigns as error that "The trial court had no jurisdiction to enter any order with reference to the decree of annulment."

The appellant urges that he had by his prior appeal attacked only the money judgment granted the respondent, and that this court had no jurisdiction to set aside or vacate the decree of annulment which had been entered; and, further, that the trial court erred in complying with the directions of this court. This issue was settled by the decision which we rendered in the prior appeal, and the appellant is now precluded from again raising it by another appeal in the same case. In the prior decision we held that a decree of annulment, like a decree of divorce, must be based on specific findings of fact which would sustain the entry of such decree, and that the decree of annulment based solely on the finding that the parties had stipulated to its entry was void as against public policy; and then directed that the decree

". . . will therefore be set aside and the cause remanded for further proceedings not inconsistent with this ruling."

This court from its early days has been committed to the rule that questions determined on appeal or questions which might have been determined had they been presented, will not again be considered on a subsequent appeal in the same case. *Wilkes v. Davies,* 8 Wash. 112, 35 Pac. 611, 23 L. R. A. 103; *State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving*

Co., 62 Wash. 436, 113 Pac. 1104; *Perrault v. Emporium Department Store Co.*, 83 Wash. 578, 145 Pac. 438; *Collins v. Terminal Transfer Co.*, 98 Wash. 597, 168 Pac. 174; *McGill v. Baker*, 157 Wash. 414, 288 Pac. 1062; *Fleming v. Buerkli*, 164 Wash. 136, 1 P. (2d) 915; *Peabody v. Pioneer Sand & Gravel Co.*, 172 Wash. 313, 20 P. (2d) 15; *Baxter v. Ford Motor Co.*, 179 Wash. 123, 35 P. (2d) 1090; *Miller v. Sisters of St. Francis*, 5 Wn. (2d) 204, 105 P. (2d) 32.

In *State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving Co.*, *supra*, this court, on the first appeal, reversed the judgment that had been entered by the trial court, and directed that a judgment be entered in favor of the Nicomen Boom Company against the defendant, and remanded the case " 'with instructions to enter a judgment in accord with this opinion.' " The trial court entered a judgment and the defendant appealed, contending that the supreme court had no jurisdiction to direct the entry of the judgment of the trial court, and that there was no liability on its part. In passing upon the question presented, we held:

"All the issues in the case were determined upon the former appeal, and a judgment was directed, and was entered as directed, without further evidence. This appeal does not present any new question raised by reason of the entry of the directed judgment. It simply presents questions which should have been, or were, raised upon the other appeal, which, as we have seen above, may not be done. We are satisfied there is no merit in any of the questions presented now; but in view of the rule above stated, we deem it unnecessary to discuss them."

There is no merit in the question raised by the appellant. In the former appeal in this case, this court assumed jurisdiction of the entire case and passed upon the identical question now raised by the appellant. The

decision of the question in the first appeal became the law of the case and cannot be further considered.

We therefore hold that the order of dismissal entered by the trial court was proper and complied with the instructions of this court.

The judgment is affirmed.

ROBINSON, BEALS, BLAKE, and GRADY, JJ., concur.