[No. 29465-0-III.   Division Three.   September 29, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL D. SCHROEDER, *Appellant*.

*Janet G. Gemberling* and *Jill S. Reuter* (of *Gemberling & Dooris PS*), for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Mark E. Lindsey* and *Andrew J. Metts III, Deputies*, for respondent.

¶1 Korsmo, A.C.J. — Michael Schroeder appeals his convictions for second degree unlawful possession of a firearm and possession of a controlled substance. We conclude that he has waived any confrontation challenge to the admission of a laboratory report and that he has not shown his counsel performed ineffectively. The convictions are affirmed.

## FACTS

¶2 Responding to reports that a man driving a pickup truck had waved a gun at his ex-girlfriend, Officer Kevin Vaughn soon located the truck parked in the neighborhood. The door was open, and a man was standing outside the

vehicle, rummaging inside. Officer Vaughn approached with his gun drawn and ordered the man to show his hands. Mr. Schroeder did not comply until the third time the command issued. At that point, the officer put Mr. Schroeder on the ground and handcuffed him.

¶3 The officer searched the interior of the truck and found a silver handgun in the console. After discovering that Mr. Schroeder was a felon, Officer Vaughn arrested Mr. Schroeder for unlawful possession of a firearm and felony harassment. During a subsequent search of Mr. Schroeder, the officer discovered two white pills in a pocket. The officer radioed the pills' description and imprinted numbers to dispatch, which reported that they were hydrocodone.

¶4 A laboratory report identifying the pills as hydrocodone was introduced at trial with defense counsel's statement that she had no objection. The analyst who tested the pills was not called to testify. The officer also testified without objection that dispatch had identified the pills as hydrocodone.

¶5 Defense counsel ignored the drug possession charge in closing argument and concentrated on the remaining counts. The defense theory of the case was that Mr. Schroeder had borrowed the truck and did not know the gun was inside. He also had never displayed the weapon. The jury acquitted Mr. Schroeder of harassment but convicted on the other two charges.

¶6 After receiving a standard range sentence, Mr. Schroeder timely appealed to this court.

## ANALYSIS

¶7 Mr. Schroeder argues that his right to confrontation of witnesses was violated by the admission of the laboratory results without testimony from the analyst who performed the testing. He also contends his counsel provided ineffective assistance by not demanding the analyst's testimony and not seeking suppression of evidence found in the truck. Well settled standards govern our review of these claims.

¶8 *Laboratory Report.* Arguing from the decision in *Melendez-Diaz v. Massachusetts,* 557 U.S. 305, 174 L. Ed. 2d 314, 129 S. Ct. 2527 (2009), Mr. Schroeder contends that his confrontation rights were violated when the laboratory report was admitted without accompanying testimony from the scientist who had tested the hydrocodone. In *Melendez-Diaz,* the Court applied its decision in *Crawford v. Washington,* 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), to certificates filed by a state laboratory analyst who identified the controlled substance at issue in that case as cocaine. Mr. Melendez-Diaz had objected to the admission of the certificates under *Crawford* and demanded that the analyst testify. 557 U.S. at 309. The Massachusetts trial court had rejected the argument under state law and admitted the certificates in lieu of testimony from the analyst. *Id.*

¶9 The United States Supreme Court reversed in a 5-4 opinion, concluding that the certificates were the equivalent of testimony by affidavit, a practice prohibited by *Crawford* and the Sixth Amendment's confrontation clause. *Id.* at 310-311. In response to the government's policy argument that an extreme burden would arise from having analysts testify at every trial, the Court made several observations, including two pertinent to this case. First, the Court reminded the parties, "The right to confrontation may, of course, be waived, including by failure to object to the offending evidence; and States may adopt procedural rules governing the exercise of such objections." *Id.* at 314 n.3. Second, the Court stressed that the States were free to require that confrontation rights be asserted prior to trial:

> The defendant *always* has the burden of raising his Confrontation Clause objection; notice-and-demand statutes simply govern the *time* within which he must do so. States are free to adopt procedural rules governing objections. It is common to require a defendant to exercise his rights under the Compulsory Process Clause in advance of trial, announcing his intent

to present certain witnesses. There is no conceivable reason why he cannot similarly be compelled to exercise his Confrontation Clause rights before trial.

*Id.* at 327 (citations omitted).

¶10 These two observations control the disposition of Mr. Schroeder's first claim. First, unlike Mr. Melendez-Diaz, Mr. Schroeder did not object to the admission of the crime laboratory certificate at his trial. He thus waived his right to confrontation on that piece of evidence. *Id.* at 314 n.3. Second, Mr. Schroeder never demanded that the laboratory technician testify in his case.

¶11 CrR 6.13(b) governs test reports prepared by experts. When presented in proper form, the reports are admissible without further foundation. CrR 6.13(b)(1). However, the report will be excluded if the notice requirements of CrR 6.13(b)(3) are not complied with. The last of three exclusions is applicable to this case:

> (3) *Notice Requirements*. The court shall exclude such report if:
>
> . . . .
>
> (iii) at least 7 days prior to the trial date or, upon a showing of cause, such lesser time as the court deems proper, the defendant has served a written demand upon the prosecutor to produce the expert witness at the trial.

CrR 6.13(b).

¶12 This rule comports with *Melendez-Diaz*. The states are allowed, as part of their procedural rules, to require that the defendant demand the presence of the expert in a timely fashion. *Melendez-Diaz*, 557 U.S. at 327. Washington has done so in CrR 6.13(b). Mr. Schroeder never demanded that the analyst testify at trial. For this reason, also, he waived his confrontation rights on this issue.

¶13 Mr. Schroeder waived his right to confront the laboratory analyst by failing to object to the admission of the test certificate and by failing to demand that the State

produce the witness at trial. His first claim is without merit.

¶14 Affirmed.

¶15 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder having no precedential value shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

BROWN and SIDDOWAY, JJ., concur.