# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | No. 74767-3-I |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| ALAN JOHN NORD, | ) | |
| | ) | |
| Appellant. | ) | FILED: June 19, 2017 |
| | ) | |

2017 JUN 19 AM 10: 28

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

DWYER, J. — "Under the doctrine of 'law of the case,' as applied in this jurisdiction, the parties, the trial court, and this court are bound by the holdings of the court on a prior appeal until such time as they are 'authoritatively overruled.'" Greene v. Rothschild, 68 Wn.2d 1, 10, 414 P.2d 1013 (1966) (quoting Adamson v. Traylor, 66 Wn.2d 338, 339, 402 P.2d 499 (1965); Baxter v. Ford Motor Co., 179 Wash. 123, 127, 35 P.2d 1090 (1934)). However, "'[r]econsideration of an identical legal issue in a subsequent appeal of the same case will be granted where the holding of the prior appeal is clearly erroneous and the application of the doctrine would result in manifest injustice.'" State v. Worl, 129 Wn.2d 416, 425, 918 P.2d 905 (1996) (quoting Folsom v. City of Spokane, 111 Wn.2d 256, 264, 759 P.2d 1196 (1988)).

This is the second appeal to us by Alan Nord in this cause. In his first appeal, State v. Nord, No. 70806-6-I, (Wash. Ct. App. Mar. 23, 2015)

https://www.courts.wa.gov/opinions/pdf/708066.pdf, review denied, 184 Wn.2d 1002 (2015), we held that, because Nord did not assert his right to confrontation in the trial court, he could not do so on appeal. For this proposition, we cited to State v. O'Cain, 169 Wn. App. 228, 279 P.2d 926 (2012), which was and is entirely on point. In this second appeal (which follows a resentencing ordered in our first opinion), Nord claims that we must revisit our prior holding. We disagree.

I

In the years since O'Cain's filing, our Supreme Court has never indicated disagreement with the opinion's holding. To the contrary, our Supreme Court denied review of our opinion in Nord's first appeal, which relied on O'Cain. State v. Nord, slip op. at 10-12. It also denied review of several unpublished opinions from this court in which O'Cain's holding was relied upon. State v. Nunez, No. 32374-9-III (Wash. Ct. App. Aug. 4, 2016) https://www.courts.wa.gov/opinions/pdf/323749.unp.pdf, review denied, 187 Wn.2d 1005 (2017); State v. Sitthivong, No. 68030-7-I (Wash. Ct. App. June 17, 2013) https://www.courts.wa.gov/opinions/pdf/680307.pdf, review denied, 179 Wn.2d 1002 (2013); State v. Walker, No. 30575-9-III (Wash. Ct. App. June 6, 2013) https://www.courts.wa.gov/opinions/pdf/305759.pdf, review denied, 178 Wn.2d 1019 (2013); State v. Parkins, No. 30176-1-III (Wash. Ct. App. Feb. 5, 2013), review denied, 181 Wn.2d 1007 (2014). In yet another such case, our Supreme Court left undisturbed this court's decision based on O'Cain, but took review of a sentencing decision (which it affirmed). State v. Cates, No. 68759-0-I

(Wash. Ct. App. Jan. 21, 2014)

https://www.courts.wa.gov/opinions/pdf/687590.pdf, aff'd on other grounds, 183 Wn.2d 531, 354 P.3d 832 (2015).

In addition, various justices of our Supreme Court, both when writing for the court or in separate opinions, have assumed the underlying reasoning of O'Cain as a fait accompli. Thus, Justice Gonzalez, while making the point that various constitutional rights can be waived or forfeited by conduct, observed:

> We do not demand a full colloquy with the bench to assure the waiver is knowing, voluntary, and intelligent before a defendant waives the right to testify; or waives the right to remain silent; *or declines to confront one of the state's witnesses*; or extends the speedy trial deadline.

State v. Slert, 186 Wn.2d 869, 877 n.3, 383 P.3d 466 (2016) (emphasis added). In making this determination, Justice Gonzalez repeated an observation he had made a year earlier (also in a majority opinion)—that the right to confrontation may be waived by defense counsel's conduct in refraining from such confrontation. In re Adoption of M.S.M.-P., 184 Wn.2d 496, 500, 358 P.3d 1163 (2015). Eight justices joined Justice Gonzalez's opinion in M.S.M.-P.

Notably, the ninth justice, Justice Stephens, in her concurring opinion, agreed with Justice Gonzalez that the right of confrontation can be waived by defense counsel's conduct as a matter of trial tactics. M.S.M.-P., 184 Wn.2d at 502 (Stephens, J., concurring).

This view of the law was not new to Justice Stephens. A year earlier, she had written:

> the United States Supreme Court has now twice endorsed the constitutionality of notice-and-demand statutes exactly like

> Washington's, which condition the defendant's confrontation right on the timely filing of an objection to the State's offer of evidence. See [Melendez-Diaz v. Massachusetts, 557 U.S. 305,] at 326-27 [129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009)]; Bullcoming [v. New Mexico, 564 U.S. 647,] 131 S. Ct. [2705] at 2718 [180 L. Ed. 2d 610 (2011)]; CrR 6.13(b). While CrR 6.13(b) does not excuse the State from its obligations under the confrontation clause, it places the burden of requesting analyst witnesses squarely where it belongs: on the criminal defendant. See Melendez-Diaz, 557 U.S. at 327 ("The defendant *always* has the burden of raising his Confrontation Clause objection; notice-and-demand statutes simply govern the *time* within which he must do so."); State v. Schroeder, 164 Wn. App. 164, 167-68, 262 P.3d 1237 (2011) (finding that the defendant waived his right to confrontation on a piece of evidence by failing to file a timely objection).

State v. Lui, 179 Wn.2d 457, 527, 315 P.3d 493 (2014) (Stephens, J., dissenting). Justice Stephens' citation to Melendez-Diaz for the proposition that "'the defendant *always* has the burden of raising his Confrontation Clause objection'" was the same passage as was quoted by us in O'Cain. 169 Wn. App. at 239 (quoting Melendez-Diaz, 557 U.S. at 327).

In yet another case that same year, Justice Stephens (expressing the views of Justice Owens and herself) observed that defense "[c]ounsel's failure to object to hearsay evidence essentially waives a defendant's confrontation rights." State v. Humphries, 181 Wn.2d 708, 727, 336 P.3d 1121 (2014) (Stephens, J., dissenting in part) (citing Watkins v. Kassulke, 90 F.3d 138, 141 (6th Cir. 1996)).

But that is not the end of it. Justice Madsen has also observed that the United States Supreme

> Court has found that the failure to object can also forfeit (often the word "waive" is used) the right to review of a claimed violation of the right of confrontation, and States may establish procedural rules governing the matter. Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009).

State v. Sublett, 176 Wn.2d 58, 125, 292 P.3d 715 (2012) (Madsen, C.J., concurring).

In the time since the O'Cain opinion was filed, our Supreme Court has consistently denied review of other cases holding similarly. In addition, during that same time period, each justice currently serving on our Supreme Court has either authored or joined opinions endorsing the principle upon which the holding in O'Cain was premised. Nord utterly fails to demonstrate that reconsideration of the issue decided in his first appeal in this cause is warranted.

II

Nord next contends, with regard to the sentence imposed on his conviction of unlawful delivery of methamphetamine, that the trial court erred by imposing a sentence that exceeded the statutory maximum term of confinement. The State concedes that this matter should be remanded so that the judgment and sentence can be corrected by striking the 12-month community custody term and the notation provision regarding the unlawful delivery count.[1] Br. of Resp't at 10. We accept the State's concession.

III

Nord requests that no appellate costs be imposed. The State has stated that it will not seek appellate costs in this matter. Br. of Resp't at 10. Accordingly, we direct that no such costs be imposed. RAP 14.2.

---

[1] The sentencing court also imposed 12 months of community custody and 24 months of confinement for the conviction entered on the second count, unlawful possession of methamphetamine. The sentence imposed on the second count is not at issue in this appeal.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

We concur:

Dwyer, J.

Cox, J.

Becker, J.